## Pratt *vs.* Humphrey and another.

In an action on a special promise to pay a debt, due from the estate of a deceased person, whom the defendants represented, as administrators, the allegation of forbearance, at the request of the defendants, to present such debt against the estate, within the time limited by the court of probate, and the consequent loss of all claim upon said estate for such debt, is a sufficient averment of a consideration for such promise.

A verbal promise to pay a debt, due from a deceased person, made to a creditor, in consideration of forbearing to proceed against the estate the promiser represents, is not necessarily within the clause of the statute of frauds, which relates to " a special promise [by an executor or administrator] to answer damages, out of his own estate ; " but whether or not it is so, depends upon his having, or not having, assets of the deceased.

The possession of assets is not, of itself, sufficient to charge him personally, on such promise, without a new consideration.

In an action on such promise, the defendants pleaded in bar, that neither of the contracts, agreements and promises contained in the declaration, nor any note or memorandum of them, nor either of them, was ever made by the defendants, and signed by them or either of them, or by any person thereto lawfully authorized. Held, that such plea did not constitute a complete defence, without further alleging a want of assets.

A plea in bar must state such facts and circumstances as amount to a complete defence to the action.

Where the declaration, in such action, stated that the defendants were the administrators on the estate of the plaintiff's debtor ; held, that such allegation might be treated as surplusage, and did not render it incumbent on the plaintiff also to allege that they had assets.

The clause of the statute of frauds, which relates to a " special promise [by one person] to answer for the debt, default or miscarriage of another," was intended to apply only to promises, made to the person to whom another is answerable ; and therefore, a promise to A, to pay certain debts, which he owed his creditors, being a promise to him, and not to them, is not within this provision of the statute.

THIS was an action of *assumpsit,* brought by Newell Pratt, against James Humphrey and Phebe Pratt, who were administrators on the estate of Andrew Pratt, late of Winchester, deceased. The declaration contained two counts, which were substantially alike. It alleged that, on or about the 8th day of May, 1849, the estate of Andrew Pratt, then late of Winchester, was indebted to the plaintiff, in the sum of twelve hundred dollars, to balance book accounts ;

and that the court of probate for the district of Winchester, in which said estate was in the progress of settlement, on said 8th day of May, limited and allowed six months to the creditors thereof, in which to present their claims to the administrators on said estate, for adjustment and allowance ; that the defendants, to wit, Phebe Pratt, who was heir at law of said estate, and, as such, interested therein, and James Humphrey, were administrators thereon, by appointment of the court aforesaid ; and that the plaintiff was, at said time, indebted to sundry persons.

After setting out the names of the creditors and the amounts due to each, the declaration proceeded to allege, that the plaintiff was about to present his said claims against said estate, to the administrators thereof, for allowance and payment, and that, on or about said 25th day of May, in consideration that the plaintiff, at the special instance and request of the defendants, would forbear to present his said claims against said estate, to said administrators, for allowance as aforesaid, and would make no claim on said estate for his debts against the same, the defendants then and there undertook and promised the plaintiff, that they would faithfully pay and discharge whatever debts might exist against said plaintiff, then outstanding and in favor of the plaintiff's creditors, to the amount of two hundred dollars, and the defendants then and there promised the plaintiff faithfully to apply said amount of money to the liquidation of the plaintiff's debts, and to furnish the said sum of money, to be applied to the payment of said debt, as aforesaid. A breach was then alleged, in the usual form.

The defendants pleaded the general issue, and also pleaded in bar, that the pretended contracts, agreements and promises in the plaintiff's declaration mentioned, never were, nor was either of them, or any note or memorandum of said contracts, agreements or promises, or either of them, ever made in writing, and signed by the defendants, or either of

them, or any other person by them thereto lawfully authorized. The plaintiff demurred to the second plea, which the court adjudged to be insufficient. The parties being at issue upon the first plea, the cause came on for trial, at Litchfield, August term, 1852, when the jury rendered a verdict in favor of the plaintiff. The defendant brought the case into this court, by a motion in error, assigning for error, that the superior court erred in adjudging said second plea of the defendants insufficient in the law.

*Sanford* and *Hitchcock,* for the motion, contended, that the promise of the defendants was void, under the statute of frauds. The suit is against the defendants, upon their promise to answer damage, out of their own estate, which promise was substantially to fulfill the contract of the deceased, or pay the damages to which he would have been subjected for its violation. At the time the promise was made, the plaintiff's claim was against the *estate* only—his object was to enforce that, to get satisfaction for *that* debt. The defendant's object was to procure the discharge of the estate from that debt. Upon *that* inducement, they promised.

2. It was a promise to answer for the debt of another,— within the next clause of the statute. The plaintiff's debt was not against the defendants, but against the *estate.* The promise of the defendants, to extinguish this debt, was a promise to extinguish not their own debt, but that of another. The plaintiff's creditors might sue the defendants on this contract, as well as the plaintiff. *Crocker* v. *Higgins,* 7 Conn. R., 347. Can the validity of a contract, on which either of two parties may sue, as promisee, be good, if one of them sues, and void, if the other sues?

3. No sufficient consideration is laid, in either count. Administrators are liable only when they have assets. It is not averred, that *these administrators had any.* The law presumes, that the pleader states his case as strong, as his

proof will warrant, and will not presume, that administrators have assets, when the pleader does not charge it. 5 Term R., 8. By forbearing to exhibit a claim to administrators who have no assets, no possible loss or injury can accrue to the promisee, or benefit to the promisors, as *individuals*. Forbearance, when there is no cause of action, is no consideration for a promise. Sw. Dig. 196–198. 1 Stra., 94. *North* v. *Forrest*, 15 Conn. R., 400.

*Woodruff*, *Hull* and *Case*, against the motion, after remarking that the questions arise upon the sufficiency of the defendant's second plea, that the promise was not in writing, contended, 1. That, as to the promise to pay the debt of another, the object of the statute is only to reach every case of mere suretyship. 1 Cowen's Treatise, 317. Its language is, " no suit shall be brought, &c., whereby to charge the defendant, upon any special promise to answer for the debt, &c., of another person." Its meaning is, to answer for the debt of a *third* person. This suit is brought on a promise to a debtor, to pay his debt to his creditor, and not on a promise to a creditor, to pay to him the debt of another.

An agreement, by which one promises a *debtor* to pay his debt to his creditor, is not within the statute. *Colt* v. *Root*, 17 Mass. R., 229, 236. Chit. on Cont., p. 507, n. 1. *Barber* v. *Bucklin*, 2 Denio, 45, 60. Even if the agreement be within its *terms*, if the promise arises out of some new and original consideration of benefit or harm, it is not within the statute, though by parol. *Meech* v. *Smith*, 7 Wend., 318.

The law is the same, even if the original debt is not discharged, if there be a *new and original consideration*. *Jennings* v. *Webster*, 7 Cow., 256. *Farley* v. *Cleveland*, 4 Cow., 432. 9 Cow., 639.

2. As to a promise by an administrator, to answer damages out of his own estate, the language is, "no suit shall be brought, &c., to charge any executor, &c., upon any special promise to answer *damages* out of his own estate," &c.

Pratt *v.* Humphrey and another.

The meaning of this clause is, that a promise to discharge demands *against the deceased*, out of the executor's estate, must be in writing. It relates to a case where there is a connection between his official character, and the damages he assumes. In the cases cited, 1 Sw. Dig., 247, the promise was to pay the debts of *the deceased*. But in this case, the promise was not to pay the debt of *the deceased*, but to pay debts due from the promisee, having no connection with the estate.

3. As to the error assigned, that there is no averment that Andrew Pratt left no estate, and that the plaintiffs do not set forth any other consideration, &c. The suit is not brought against the defendants, *as administrators*. Indeed, the complaint of the defendants is, that we seek to charge them, in their private capacity ; that we demand damages out of their own estates. 2 U. S. Dig., 457.

STORRS, J. The questions presented in this case are, 1, whether a sufficient consideration is alleged for the promise stated in the declaration ; and, 2, whether such promise is within either of the first two branches of the statute of frauds, and should therefore have been in writing.

1. A good consideration is necessary to the validity of this promise, whether it is within the statute of frauds, or not. *Mitchinson* v. *Hewson*, 7 T. R., 344, n. *Allen* v. *Bennett*, 1 Saund., 211, n. 2. *Burrell* v. *Russell*, 3 Taunt., 173. *Claney* v. *Pigott*, 2 Ad. & El., 473.

It being stated in the declaration, that the claim of the plaintiff against the estate represented by the defendants, was for a debt due to the former, a presentment of it by him, to the defendants, within the time limited for that purpose, was necessary in order to recover it ; and an omission so to present it, would operate as a discharge or relinquishment of it. The time limited for such presentment expired, long before the commencement of this suit. The declaration fur-

ther alleges, that the plaintiff, at the request of the defendants, has never presented said claim to the latter. We can not doubt, that such forbearance to present it, constituted a sufficient consideration for the promise of the defendants therein stated. It comes within the well settled and familiar principle, that the discharge or relinquishment of a well founded legal claim, or forbearance for a certain or reasonable time, or altogether, to institute or prosecute legal proceedings for its recovery, is a sufficient consideration for a promise to the creditor to pay the debt, or to do any other act. 1 Roll. Ab., 24, pl. 33. 2 Saund., 136. Chit. on Cont., (6 Am. ed.,) 34. The defendants, however, claim, that such discharge or relinquishment or forbearance is not a sufficient consideration for such a promise, by an executor or administrator, personally, unless he has assets of the estate represented by him, in his hands ; and that, as he is not stated to have had such assets, the promise here is not binding. It is clear from the authorities, that although the mere possession of assets by an executor or administrator, would not be a good consideration to charge him personally on such promise, a new consideration, such as forbearance to proceed against the estate he represents, is sufficient for that purpose, although he has no assets. *Rann* v. *Hughes*, 7 T. R., 346, n. *Parish* v. *Wilson*, Peake's R., 73. *Forth* v. *Stanton*, 1 Saund., 201, n. 1. *Barber* v. *Fox*, 2 Saund., 136. *Philpot* v. *Briant*, 4 Bing., 717. *Goring* v. *Goring*, Yelv., 11, (Am. ed., by Metcalf,) n. 2. *Treford* v. *Holmes*, Hut., 108. *Palmer's Case, id.*, 52. *Porter* v. *Bille*, 1 Freem., 125. 1 Co. Rep., 94. 1 Sw. Dig., 247.

2. If the defendants are not to be deemed to have assets of the estate which they represent, it would be a very embarrassing question, whether this promise is within the first branch of the statute of frauds, which relates to a " special promise [by an executor or administrator] to answer damages out of his own estate." In that case, it would be dif-

ficult to resist the claim, that it is a promise to answer damages out of their own estate.   But if they are to be considered as having such assets, they would have a right to charge to the estate they represent, the amount of the damages recovered of them in this suit ; and it would seem, therefore, that those damages would not come out of their own estate.   They would not ultimately, at least, although they might, in the first instance.   For, although the judgment would be against them personally, they would be indemnified against it, by the funds of the estate in their hands. Hence the damages would substantially be answered out of the estate of their intestate ; and the promise, in such case, would appear to be one which was not contemplated by that branch of the statute.   The case of *Stebbins* v. *Smith*, 4 Pick., 97, is directly in support of this construction of it. There it was held, that a promise to pay a debt of a testator, made to a creditor, by an executor, who had given a bond to the judge of probate to pay the testator's debts and legacies, was not within the branch of the statute of frauds of Massachusetts, relating to special promises by executors and administrators, to answer damages out of their own estate, (which is precisely like ours, on which the present question arises,) on the ground, that the bond was an admission of assets.   The court say : " The suggestion, that the promise is void, by the statute of frauds, is clearly unfounded.   It is not a promise by an executor, ' to answer damages out of his own estate,' for the bond given to the judge of probate, is an admission of sufficient assets, which the defendant is estopped to deny."   The principle determined in that case, is, that where an executor or administrator has assets, a promise by him, to pay a debt due by the person he represents, is not within that branch of the statute.   We are induced, although not without some hesitation, to adopt the same construction.   Whether he would be liable on such promise, beyond the amount of such assets, it is not neces-

sary to decide : the question before us is as to the right, and not the extent, of the recovery.

Having come to the conclusion, that a verbal promise to pay a debt due by a deceased person, made to his creditor, by his administrator, is not necessarily within this branch of the statute of frauds, but that whether it is so or not, depends on whether the administrator has assets, we think that the defendants, in their plea, should have alleged that they had none, and that, for the omission to state that fact, the plea is insufficient. A plea in bar must state such facts and circumstances, as amount to a complete defence to the action. On the principle which we have adopted, the fact stated in the plea in this case, that neither of the promises mentioned in the declaration, or any note or memorandum thereof, was made in writing, &c., did not necessarily, or *prima facie,* bring the promises within the statute. It would not, therefore, constitute a complete defence, unless the further fact was also stated, that there was a want of assets. That fact should have been stated, in order to show, that a written promise or memorandum was necessary. The only answer given to this objection to the plea, is, that the declaration states, that the defendants were administrators on the estate of the plaintiff's debtor, and that it was, therefore, incumbent on the plaintiff to state that they had assets, in order to make out a cause of action against them. This, however, was not only not required by the established rules and order of pleading, but would be contrary to them. The allegation of such administratorship was unnecessary, and indeed irregular. Without it, the declaration was perfect, and stated a cause of action which was neither strengthened nor weakened by it ; it was not necessary to be proved at the trial, and a variance between that allegation and the proof would have been immaterial ; it was, therefore, surplusage, and might be rejected. It being surplusage, and no part of the statement of the cause of action, it is obvious that it did

Pratt *v.* Humphrey and another.

not impose on the plaintiff the necessity of superadding to it the statement of any other fact. If, indeed, the allegation showed, that the plaintiff had no cause of action, it would, although surplusage, have vitiated the declaration : but such was not the case. Com. Dig. Pleader, C. 28, c. 29. Arch. Pl., 98. And yet the statement of that fact in the declaration, although unnecessary, perhaps, superseded the necessity of stating it in the plea, which would have been otherwise necessary. It seems to have been treated, by the defendant, as having that effect, and no question has been made on that point.

3. We are clearly of opinion, that this promise is not within the second branch of the statute of frauds, which relates to a " special promise [by one person] to answer for the debt, default or miscarriage of another." The promise here was made, not to the creditors of the plaintiff, but to himself, to pay debts which he owed to such creditors. Whether the terms of the statute are, or are not, sufficient to embrace such a promise, the object and occasion of it show, plainly, that it was intended to apply only to promises made to the person to whom another is answerable, and that such, therefore, is its true construction. The authorities also, on this point, are to this effect. *Eastwood* v. *Kenyon*, 11 Ad. & El., 438, (39 E. C. L. R., 137.) *Barber* v. *Bucklin*, 2 Den. R., 45.

There is, therefore, no error in the judgment complained of.

In this opinion the other judges concurred, except CHURCH, C. J., who tried the cause in the court below and was disqualified.

Judgment affirmed.