*Hinman, J.
The question .whether parol evidence [ *550 J was admissible to prove the promise declared on, will perhaps be more readily understood when stated in another form, as a question whether the promise itself was within the statute of frauds, and therefore should have been in writing. Clearly it is not within the statute, unless it was a promise, as executor, to answer damages out of his own estate. But the. promise was made in the defendant’s private capacity, and was itself the foundation of his liability in this action ; and so far as the costs in the action that had been pending constituted the basis of his liability, they accrued against him personally, and not against the estate. -Whether he would have a right to charge them to the estate, when paid, is unimportant. Most of the personal obligations of an executor, contracted in the course of his administration, are proper charges against the estate in the final settlement of his account, but they are none the less his private debts, for which he is alone liable in his private capacity. There is no more reason for saying that the promise set up in this case is within the statute, than there is for saying that the services of a laborer, or of an attorney, which may be required in the course of the settlement of an estate, must be contracted for in writing, or the statute will preclude any recovery for them against the executor. We have no doubt, therefore, that the parol evidence was proper to prove the promise. Pratt v. Humphrey, 22 Conn., 317. Taylor v. Mygatt, 26 id., 184.
The two counts of the declaration are claimed to be both defective, in not alleging a breach of the contract declared on. It is said that no time is stated in the first count, when, or within which, the probate appeal was to be entered “done” and be ended; and that the promise to pay is stated to be “ at a certain time,” without specifying it; and that in the second count, the reasonable time within which the acts were promised to be done, is not alleged to have elapsed. The plaintiff is entitled to judgment if he has one good count which he has proved. It is only necessary therefore to examine so far as to see that one of the counts *is good; and as we think the first [ *551 ] a good one, our remarks will be confined to that. The word “ certain,” as printed in the copy, is obviously a mis *450 take. The whole frame of the count shows it to be so ; and no pleader at the present time is ignorant of the rule of law that requires the time when, or within which, an act is to be performed, to be stated with reasonable distinctness and precision. But, upon examining the original”, we find it in such a state that it is not now possible, without resorting to conjecture, to determine what word was intended to be used. It must therefore be taken as if the word was left a blank, 'which will leave the declaration, so far as the promise to pay money is concerned, as declaring upon the promise, without alleging any time w'hen it was to be paid; which is undoubtedly a fatal defect in respect to this particular promise. It is, however, to be observed, that the payment of money was not the only or indeed the principal thing which the defendant promised to do. The count alleges that, “ in consideration that the" plaintiff had consented and agreed with the defendant that the said cause should be entered “ done ” in the docket, the defendant undertook and faithfully promised, that he the defendant would consent to, and cause and procure the entry aforesaid to be made in the docket of said court, and that said cause should thereafter be ended and done, and no further proceedings be had therein, and would pay, &c. within a • time, the costs of said cause, amounting,” &c.
Now, in respect to the promise to consent to and procure a discontinuance of the case then pending, in consideration that the plaintiff had consented thereto, a clear breach of that promise is alleged, since it is alleged that the defendant did not consent to, nor cause said entry to be made, and the proceedings in said cause to cease, though a l’easonable time had elapsed, and though often requested and demanded, but did afterwards, in the absence and without the knowledge of "the plaintiff, recover a judgment against the plaintiff &c. Here is both an allegation that he neglected to do in a reasonable time what he had [ *552 ] expressly promised to do—*procnre a discontinuance of the cause—and also a direct allegation that he had done that which was so wholly inconsistent with the performance of the act promised, that it placed it wholly out of his power to perform it. This we think a sufficient allegation of a breach, irrespective of what is said as to the payment of the money ; and as it is a rule of pleading that a plaintiff may assign several breaches of the same contract, aiid if some are properly assigned and some are not, the action may be maintained for such as are well assigned, it follows that the declaration is a good one for the purpose of a recovery upon the breach which is well assigned. And the only question which can arise being as to the sufficiency *451 of the declaration, the advice to the superior court must be that it is sufficient, and that judgment be rendered thereon for the plaintiff.
In this opinion the other judges concurred.
Judgment for plaintiff advised.