LAURA L. BROWN AND HUSBAND, TO USE OF WILLIAM CLARDY, Respondents, *v.* CHAS. L. BROWN *et al.*, Appellants.

1. *Frauds, statute of — Undertaking to pay the debt of another, not made with creditor.* — The provision that no action shall be brought to charge any person upon the promise to answer for the debt of another, unless it is made in writing, is construed to apply to promises made to the creditor; and hence it is always held that while the creditor can not recover upon a collateral parol agreement made with him to pay his debtors' obligations, yet if such agreement be not made with the creditor it can be enforced if otherwise good, though not evidenced by any note or memorandum in writing.

2. *Frauds, statute of — Undertaking to pay another's debt, made with debtor.* — An agreement to pay and discharge a debt, made with the debtor or some person interested for him, if founded upon a new and valid consideration, is an independent undertaking, and does not come within the letter or spirit of the statute.

3. *Married women can provide for husband's debt by release of dower.* — It is competent for a married woman, with his consent, to provide for her husband's debts by release of her dower in his estate.

4. *Married woman — Release of dower — Former release.* — A release of dower is not rendered valueless by the fact that the wife had previously released her dower in a deed of trust given to secure a debt which had been paid without sale.

*Appeal from Sixth District Court.*

*H. C. Hayden*, for appellants.

I. A verbal promise to pay the debt of another is invalid in all cases, unless the debt is extinguished and the new promise accepted in its stead. (Jackson v. Rayner, 12 Johns. 291; Campbell v. Tindley, 3 Humph. 330; 3 Chandl., Wis., 31; 9 Verm. 136; 15 Verm. 215; 2 Metc. 423; 15 Pick. 159; 18 Pick. 369; Mundy v. Ross, 3 Green, N. J., 466.)

II. The court erred in striking out that part of the defendants' answer setting up as a defense the previous relinquishment of dower by Mrs. Laura Brown, in the deed of trust to Craddock, for the benefit of Lewis P. Payne, which deed of trust, amounting to some $6,000, was paid by Charles H. Brown in order to save the property from sale. This $6,000 was an encumbrance on her dower interest which existed at the time of the supposed contract; and if a sale had taken place under this deed of trust it

would have not only passed George Brown's interest, but the dower interest of Mrs. Brown also. Charles H. Brown bought under the second deed of trust, and then, in order to save the property, was forced to pay off this prior encumbrance. (14 L. & M. 130 ; Caldwell v. Brown, 17 Mo. 564.)

*C. H. Harding*, for respondents.

The contract sued on was not within the statute of frauds, and might therefore be proven by verbal testimony. (1 Pars. Cont. 497–8 ; 2 Pars. Cont. 305 ; 7 Johns. 463 ; 8 Johns. 39, 376 ; 10 Johns. 412 ; 33 Mo. 123 ; 14 Me. 140 ; Roberts on Frauds.)

BLISS, Judge, delivered the opinion of the court.

The defendants were creditors of the husband of Laura S. Brown, and, being in failing circumstances, he proposed to execute to their use a trust deed of valuable real estate belonging to him. Mrs. Brown declined to release her dower, and claims to have consented to do so only upon the agreement by defendants to pay a certain debt from her husband to said Clardy, which had not been otherwise provided for. The defendants, having bid in the property at trustees' sale, refuse to pay the Clardy debt, and this suit is prosecuted to enforce their agreement to do so. The defendants denied the agreement, but judgment was obtained against them in the Circuit Court for the amount of the Clardy debt, which was affirmed in the District Court.

Upon the trial the defendants insisted that, as a matter of law, the contract could not be enforced because, first, it was a verbal agreement to pay the debt of another, and within the statute of frauds ; second, it was a contract with a married woman ; and third, that it was without consideration, inasmuch as the trust deed in favor of defendants was subject to a previous one signed by Mrs. Brown, which they were obliged to discharge.

The provision that no action shall be brought to charge any person upon a promise to answer for the debt of another, unless it is made in writing, is construed to apply to promises made to the creditor, and hence it is always held that while the creditor can not recover upon a collateral parol agreement made with him

to pay his debtor's obligation, yet if such agreement be not made with the creditor it can be enforced if otherwise good, though not evidenced by any note or memorandum in writing. (Howard v. Coshow, 33 Mo. 118 ; Hargreaves v. Parsons, 13 M. & W. 561 ; Eastwood v. Kenyon, 11 Ad. & E. 438 ; Westfall v. Parsons, 16 Barb. 645 ; Barker v. Bucklin, 2 Denio, 45 ; Pratt v. Humphrey, 22 Conn. 317; Alger v. Scoville, 1 Gray, 391 ; Perkins v. Littlefield, 5 Allen, 370.)

The authorities cited by defendants' counsel go rather to the consideration of such promise, and to the inquiry whether it is an independent or collateral agreement. It is held that a parol contract with the creditor to pay the debt of another can in general only be enforced when the original debt is canceled, and the third person is alone looked to for the debt. It then becomes an independent agreement to assume the debt. It is not a collateral promise, for the original debt is discharged. It becomes the debt of the promisor alone, and is no longer the debt of another, and hence it is not within the statute.

So also, as we have seen, an agreement to pay and discharge the debt, made with the debtor or some person interested for him, if founded upon a new and valid consideration, is an independent undertaking, and does not comes within the letter or object of the statute. It is neither uncommon nor is it unreasonable for a debtor to make provision by contract for the payment of his obligations ; and if a purchaser of property, instead of paying the whole consideration, should assume to pay certain liabilities of his vendor, and be able to escape his obligation and retain the property, the statute would be one of frauds in a new sense. No such construction has ever been given it, and the courts of New York go so far as to hold that, though not a party to this independent agreement, the creditor may avail himself of it and sue in his own name. (Baker v. Bucklin, *supra.*)

To the objection that the promise was made to Mrs. Brown, a *femme covert*, and hence not obligatory, it is only necessary to say that she was directly interested in the payment of her husband's debts ; and whether she could make a contract to bind herself or not, she certainly was competent, with her husband's

consent, to pay or provide for those debts out of her interest in his estate. The argument from her coverture, if it has any force, would either make void her release of dower, leaving the property still liable to it, which defendants do not claim, or make the release good, and hold those who received it discharged from its consideration, which is against common honesty.

Upon the third proposition it can not be said that the release of dower was valueless, unless the previous release had been unconditional. But as that had been given to secure a debt which was paid without sale, the interest of Mrs. Brown passed by the second release, which was the consideration of the promise and sufficient to support it.

The other judges concurring, the judgment will be affirmed.