HALE v. STUART, *Plaintiff in Error.*

1. **Pleading.** The petition in this case, *Held*, to state but a single cause of action, and not two improperly blended in one count.

2. **Statute of Frauds.** Defendant promised plaintiff that if he would attend a sale about to be made under a deed of trust given to secure the note of a third person, held by plaintiff, and would buy in the property for defendant, he would pay plaintiff the amount of the note. *Held*, that the promise was not within the statute of frauds, and did not need to be in writing.

3. **Measure of Damages.** In an action on the promise of defendant to pay a note of a third person, the note is properly admitted in evidence to measure the extent of defendant's liability.

*Error to Buchanan Circuit Court.*—HON. JOSEPH P. GRUBB, Judge.

AFFIRMED.

This was a suit by Sarah E. Hale and Benjamin F. Hale against Wm. P. Stuart. The petition stated that on the — day of October, 1873, Benjamin F. Hale, as the agent of Sarah E. Hale, and at defendant's request, loaned

to defendant the sum of $650 upon defendant's promise that he would loan said money at a good rate of interest, on good security, for plaintiff Sarah, and that defendant would at all times be personally responsible to her for the same; that on the 14th day of October, 1873, defendant represented to Benj. F. Hale, as agent aforesaid, that he had loaned said money, and produced a note dated October 14th, 1873, for $650, executed by one Ide, and in favor of and payable one year after date to defendant, which said note defendant indorsed "without recourse," against Benj. F. Hale's objections, but at the same time stated that he would be personally responsible for the same if it was not paid at maturity; that defendant further stated that said note was well secured by a first deed of trust on real estate in Hannibal, to-wit: lot 67. etc. The petition further stated that said note was secured by a second deed of trust of said real estate; that there was a prior incumbrance for a large sum on said property at the time defendant made said loan; that defendant well knew said prior lien existed, and afterward purchased said incumbrance and became the owner thereof; that said note was not paid at maturity, and said real estate was, on the 9th day of August, 1875, sold under said second deed of trust; that on said 9th day of August, defendant requested B. F. Hale, as agent aforesaid, to attend said sale for him and bid and buy in said real estate for him, and promised that if he, the said Hale, would attend said sale and buy in said real estate for defendant, and have the trustee make a deed for said real estate to defendant, he, defendant, would pay the said note or sum of $650 and the accrued interest thereon to said Benj. F. Hale, as agent aforesaid; that Benj. F. Hale did attend the said sale, and relying on defendant's promise aforesaid, did buy said real estate for defendant for the sum of $600, which sum was at the time credited on the note; that the trustee made a deed to defendant, and defendant accepted the same, and had been in possession of said real estate receiving rents therefrom ever since. There

was a prayer for judgment for the sum of $650 and interest.

The answer admitted that defendant owned the prior incumbrance and was in possession of the real estate described, and that he indorsed the note without recourse and delivered same to said Hale, and denied each and every other allegation in plaintiffs' petition, and for further defense, among other things, pleaded the statute of frauds and perjuries as to the agreement alleged in the petition.

At the trial defendant objected to the introduction of any evidence by plaintiffs, because the petition did not state facts sufficient to constitute a cause of action, and because same showed upon its face that several causes of action were improperly united in said petition. The court overruled said objections and admitted plaintiffs' evidence. Among other the plaintiffs offered and the court admitted the note referred to in the petition. Defendant also offered evidence on his part. There was a verdict and judgment for plaintiffs.

*E. H. Fudge and L. E. Carter* for plaintiff in error.

NORTON, J.—The objection to the introduction of any evidence because the petition did not state a cause of action, and that it improperly blended two causes of action, was properly overruled. As we construe the petition, it embraced really but one cause of action, founded upon the promise of defendant to pay the note referred to in the petition, on the condition that B. F. Hale would attend the sale of the property mentioned in the deed of trust given to secure said note, buy the said property at $600, and have it conveyed to defendant.

The statute of frauds which has been invoked as a barrier to plaintiffs' right to recover is not applicable to the facts of the case. The promise made by defendant to pay the note in question was made on a sufficient consideration to support the promise. And he reaped the full

benefit of it, because the evidence clearly shows that said Hale did attend said sale, did buy said property at the sum of $600, did have the trustee convey it by deed to defendant, who has been in possession of it since.

We think the averment in the petition that B. F. Hale was acting for and on behalf of his wife was established on the trial by his evidence.

The said note offered in evidence was properly received to measure the extent of defendant's liability under his agreement.

The instructions given by the court both on behalf of plaintiffs and defendant, were in harmony with the above theory of the case, and those that were refused ignored it, and for that reason were properly refused. Upon the whole record we think the judgment was for the right party, and it is hereby affirmed, in which all concur.