GREEN v. ESTES, *Appellant.*

**Statute of Frauds :** PROMISE TO DEBTOR TO PAY HIS DEBT. A promise made to a debtor of a third person to pay the debt for him, if founded on a new and valid consideration, is not within the statute of frauds, and the creditor can sue the promisor directly on the agreement; but it is otherwise if the promise is made to the creditor himself.

*Appeal from Louisiana Court of Common Pleas.*—Hon. ELIJAH ROBINSON, Judge.

AFFIRMED.

*Morrow & Gray* for appellant.

Even if otherwise correct, the facts of this case did not warrant the instruction given for plaintiff. *Glenn v. Lehman,* 54 Mo. 45. The instruction is erroneous under any state of facts, and virtually annuls the statute of frauds;

**22—82**

for, an unscrupulous creditor and his debtor, can avail themselves of such an interpretation of the statute as to render it wholly inoperative as a defense to the one whom they seek to victimize. Waite's Actions and Defenses in Law and Eq., vol. 7, pp. 16, 17, 18. There was no sufficient consideration by way of advantage to Fry or Estes, or of detriment to Green, to support a promise on the part of Estes to pay Fry's debt. The first instruction asked for the plaintiff, should have been given. *Jackson v. Ragnor*, 12 Johns. 291; *Simpson v. Patton*, 4 Johns. 422; *Watson v. Randall*, 20 Wendell 201. The of statute of frauds authorized instruction second asked for by defendant. R. S. 1879, sec. 2513; *Deegan v. Conzelman*, 31 Mo. 424. Independent of the statute of frauds, the third instruction asked for by defendant was a proper exposition of plaintiff's own theory of the case and should have been given. *Cook v. Elliot*, 34 Mo. 586; *Musick v. Musick*, 7 Mo. 495; *Bissing v. Britton*, 59 Mo. 204.

*D. A. Ball* for respondent.

The promise was not within the statute of frauds. *Edgell v. Tucker*, 40 Mo. 523; *Malloy v. Gillet*, 21 N. Y. 412; *Brown v. Weber*, 38 N. Y. 187.

EWING, C.—This was a suit originally before a justice of the peace on an account as follows:

1879, July 26th.

To amount of Wm. Fry's account assumed by him...$33.00
    Contra.
July 26th, by cash of Field Estes........................ 15.00

Balance due by Estes................. ................$18.00

Verdict and judgment for defendant before the justice; an appeal to the Louisiana court of common pleas where there was judgment for plaintiff, and the defendant appeals to this court.

The evidence on the part of the plaintiff, was to the effect that one William Fry owed him on store account $33; that in July, 1879, after the debt had been contracted and was past due, said Fry and defendant, Estes, came into his store, when Estes then paid him $15 on the Fry account and assumed the balance of $18, and plaintiff released Fry. The evidence also tended to show that afterwards, in a settlement between defendant and Jacob Fry, the father of Wm. Fry, he (defendant) kept out the amount due Wm. Fry to plaintiff. Fry was not indebted to Estes on any account, nor was Estes indebted to him on any account. The evidence on the part of defendant, was to the effect that he did not pay any part of William Fry's debt to plaintiff, and that he at no time agreed to pay said debt or any part thereof—and never assumed to pay it or any part of it—nor was Fry indebted to him, nor he to Fry.

The case was then submitted to the jury upon the following instructions given by the court at the instance of the plaintiff:

"The court instructs the jury that the burden of proof in this case rests upon the plaintiff, and before plaintiff can recover it devolves on him to prove to the reasonable satisfaction of the jury, that on or about this 26th day of July, 1879, William Fry was indebted to plaintiff, and that it was then agreed by and between plaintiff and defendant and said William Fry, that defendant would assume and pay the debt due from Fry to plaintiff, and that plaintiff would release Fry from his obligation to pay said debt, and that plaintiff did then and there in consideration of defendant's agreement to pay said debt release said Fry."

"If these facts have been proven to the reasonable satisfaction of the jury by the evidence in the case, then the verdict will be for the plaintiff for the amount assumed by defendant with interest thereon at the rate of six per cent. per annum from the 20th day of August, 1881, or from date plaintiff demanded payment of defendant, if such demand was made. If the testimony in the case fails to

satisfy the jury of the facts above mentioned, then they will find for defendant."

Defendant then asked the following instructions which were refused:

1. The court instructs the jury that plaintiff, under the evidence in the case is not entitled to recover, and the verdict should be for defendant.

2. If the jury believe from the evidence in the case that the debt sued on was contracted with the plaintiff, Duff. Green by one Wm. Fry, and that Wm. Fry was not indebted to defendant, nor the defendant to him, on any account whatever, then the plaintiff cannot recover in this action, unless it is shown by the proof in the case that the defendant by a written agreement signed by him, or some memorandum or note in writing signed by him or by his authority, promised or agreed with plaintiff to pay the debt owing to him by said William Fry.

3. Although the jury may believe from the evidence in the case that defendant verbally agreed and promised to pay the debt due the plaintiff by William Fry, yet the plaintiff cannot recover unless it is shown by the proof in the case that a valuable consideration for said verbal promise was paid to the defendant either by plaintiff or William Fry, as an inducement thereto, or in consideration thereof.

The evidence tends to prove that the promise of defendant, Estes, to pay to plaintiff the debt of Wm. Fry, was made to Fry, the debtor, and it, also, tends to prove a consideration for such promise. The evidence is conflicting but there was evidence tending to prove the promise and the consideration. In *Brown v. Brown*, 47 Mo. 130 it is held: "An agreement to pay and discharge the debt, made with the debtor or some person interested for him, if founded upon a new and valid consideration, is an independent undertaking and does not come within the letter or object of the statute." In *Howard v. Coshow*, 33 Mo. 118, it is held: "It is well settled that a promise to a debtor to pay his debt to a third person is not a promise to

answer for the debt of another within the statute; that the statute only applies to promises made to the creditor." *Eastwood v. Kenyon*, 11 Ad. & El. 433; *Westfall v. Parsons*, 16 Barb. 645; *Barker v. Bucklin*, 2 Denio 45; *Pratt v. Humphrey*, 22 Conn. 317; *Alger v. Scoville*, 1 Gray 391.

It follows that the court below did not err in giving and refusing instructions and the judgment is accordingly affirmed. All concur.