## C. F. MOORE, Respondent, v. J. F. McHANEY, Appellant.

**St. Louis Court of Appeals, July 2, 1915.**

1. **JUSTICES' COURTS: Pleading: Requisites of Statement.** A statement of a cause of action filed in a justice's court, which advises defendant of the nature of the claim and is specific enough to bar another action on the same demand, is sufficient.

2. **STATUTE OF FRAUDS: Promise to Pay Debt of Another: Substitution of Debtors.** Where one agrees with the creditor of a third person to pay the debt, and the original debtor is fully released and discharged thereon, the contract is not within the Statute of Frauds (Sec. 2783, R. S. 1909), which provides that no action shall be brought on a promise to answer for the debt of another, unless the agreement or some memorandum thereof is in writing, etc., and hence the contract is valid, although not in writing, for, in such case, the original debt is gone, and a new one is created, with the promisor as a substituted debtor.

3. ————: ————: **Payment of Promisor's Own Debt.** Where one undertakes to pay the debt of another, and by the same act also pays his own debt, which is the motive for the promise, the undertaking is not within the Statute of Frauds (Sec. 2783, R. S. 1909) and hence need not be in writing.

4. ————: ————: **Promise not Made to Creditor.** An oral agreement to pay the debt of another is not within the Statute of Frauds (Sec. 2783, R. S. 1909), where the promise is made to the debtor or some person other than the creditor; such an agreement, if founded upon a valid consideration, being an independent undertaking.

5. ———: ———: Independent Consideration Beneficial to Promisor. An oral agreement to pay the debt of another which is essentially an original undertaking on the part of the promisor to pay a debt which he makes his own, as distinguished from a collateral promise to answer for the debt of another, is not invalidated by the Statute of Frauds (Sec. 2783, R. S. 1909); and a direct and unqualified oral promise to pay the debt of another is to be regarded as original in character and unaffected by the statute, notwithstanding the primary debt still subsists, where the promise is founded upon a new and independent consideration moving to the promisor and beneficial to him and which is the motive therefor.

6. ———: ———: ———. An oral promise to pay the debt of one who was working for the promisor, which debt was secured by a chattel mortgage on mules used in the work, if the creditor would refrain from taking the mules, was not within the Statute of Frauds (Sec. 2783, R. S. 1909), since the object of the promisor was to promote his own interest by having his employee retain the mules which were being used in his service, and this furnished a new and independent consideration moving to the promisor and beneficial to him.

7. CONTRACTS: Consideration. Where there is no present consideration for a contract, it is a mere *nudum pactum* and unenforcible.

8. STATUTE OF FRAUDS: Effect of Performance of Contract. Complete performance of a contract by one contracting party forecloses his adversary from interposing the Statute of Frauds as a defense.

9. ———: Promise to Pay Debt of Another: Instructions: Submitting Unnecessary Facts: Appellate Practice: Harmless Error. In an action on an oral promise to pay the debt of another, an instruction given for plaintiff, which, in addition to requiring the jury to find that the promise was made in consideration of some benefit accruing directly to defendant, also required a finding that plaintiff released the original debtor, is not to be condemned as reversible error on the ground that there was no evidence tending to show that plaintiff released the principal debtor, since it merely required the jury to find more than was essential to plaintiff's recovery.

10. APPELLATE PRACTICE: Invited Error: Instructions. A party will not be heard to complain, on appeal, of an instruction given for his adversary, where an instruction given at his request proceeds along precisely the same lines.

11. VERDICTS: Trial Practice: Computation of Interest by Court. An instruction that, if the jury found for plaintiff, their verdict should be for a certain sum, which was the amount of the prin-

cipal of the promissory note sued on and interest computed thereon, was not erroneous, on the theory that the court had no right to instruct the jury as to the amount of the recovery.

12. **PLEADING: Prayer of Petition: Interest.** Where the prayer of a petition was for the balance of the principal due on a promissory note, plaintiff was not entitled to recover interest thereon, since plaintiff cannot recover more than the amount for which he sues.

Appeal from Dunklin Circuit Court.—*Hon. W. S. C. Walker,* Judge.

REVERSED AND REMANDED.

*John T. McKay* for appellant.

(1) The verdict of the jury in this case is against the evidence, the weight of the evidence and is for the wrong party, and the cause ought to be reversed. There was no evidence to go to the jury. State ex rel., Savings Trust Co. v. Hallen, 165 Mo. App. 422; Dutcher v. Railroad, 241 Mo. 137. (2) The court erred in overruling defendant's demurrer to plaintiff's petition, filed in the justice's court, and permitting plaintiff to amend his petition, so as to set up a cause of action if any, which appellant denies, when no cause of action had been previously stated in the lower court. The circuit court, on appeal from the justice's court, has no greater jurisdiction than the justice had, and in this cause the petition filed in the justice's court failed to state facts sufficient to constitute any cause of action against appellant and the circuit court had no jurisdiction whatever. Planing Mill Co. v. Short, 58 Mo. App. 320; Barhydt & Co. v. Alexander & Co., 59 Mo. App. 188; McCann v. Sawyer, 59 Mo. App. 480; Reinhardt v. Kempf, 72 Mo. App. 646; Kellogg v. Linger, 60 Mo. App. 578. (3) The court erred in refusing appellant's instruction number five, which was in the nature of a demurrer and given at the close of all the testimony. The testimony in this cause clearly showed that this

was a collateral undertaking to pay the debt of another and was not in writing and was, therefore, void under the Statute of Frauds. If there was any agreement on the part of appellant concerning the note in controversy it was collateral to that of the principal contractor, Hodge, and would have had to have been in writing to be binding on appellant and if it had been in writing it would have had to have a new consideration, as it was made, if at all, after the original contract had been fully executed, and as the evidence fails to disclose any, it is void, under the Statute of Frauds. Bessig v. Britton, 59 Mo. 204; Hurt v. Ford, 142 Mo. 283; Gansey v. Orr, 173 Mo. 546; Moore v. Railroad 31 Mo. App. 145; Musick v. Musick, 7 Mo. 495; Peck v. Harris, 57 Mo. App. 470; Williams v. Williams, 67 Mo. 661; Glenn v. Lehnen, 54 Mo. 45; Pfeiffer v. Kingsland, 25 Mo. 66.

(4) The court erred in giving instruction number 1 on behalf of respondent, because said instruction directed the jury to return a verdict for a specific amount. This being a suit upon a note, the court was infringing upon the province of the jury when it instructed the jury what amount to return their verdict for. Corbitt v. Mooney, 84 Mo. App. 645; Cates Adm's. v. Nickell, 42 Mo. 169; Burghardt v. Brown, 60 Mo. 24; Dyer v. Combs, 65 Mo. App. 151; Poulson v. Collier, 18 Mo. App. 583; Glenn v. Lehnen, 54 Mo. 45. (5) The verdict of the jury is not responsive to the issues made in this cause, by the pleadings and the evidence. The court told the jury in instruction number 1, given on behalf or respondent, that if they found that Hodge was indebted to respondent and that the debt was evidenced by a note and that appellant promised to pay said debt and in consideration of said promise, respondent released Hodge and accepted the defendant, and the defendant fully consented thereto, then the verdict should be for the plaintiff. No one testified that resondent accepted appellant as his debtor and released

191M.A.44

J. B. Hodge and that appellant consented to such state of facts, and for that reason the instruction number 1 is not based upon the evidence and the verdict as rendered is not responsive to the issues made by the pleadings and the evidence. Plymouth Cordage Co. v. Yeargain 87 Mo. App. 561; Fenwick v. Logan, 1 Mo. 401; Easton v. Collier, 1 Mo. 421; Hickman v. Byrd, 1 Mo. 495; Parker's Adm'r v. Moore, 29 Mo. 218; Henderson v. Davis, 74 Mo. App. 1. Glenn v. Lehnen, 54 Mo. 52.

No brief filed for respondent.

ALLEN, J.—This is an action begun before a justice of the peace to recover from defendant the amount remaining unpaid on a certain note executed by one Hodge to plaintiff. It is averred that defendant, for a valuable consideration, "and for the purpose of extending the time of payment of said note," contracted to pay the unpaid balance due upon the note, and paid fifty dollars on account thereof, leaving a balance of $129.30 due and unpaid thereupon; and judgment is prayed for said sum with costs. Plaintiff prevailed before the justice of the peace, and upon defendant's appeal to the circuit court and a trial there *de novo*, before the court and a jury, there was a verdict and judgment for plaintiff, and the case is here on defendant's appeal.

One J. B. Hodge was indebted to plaintiff upon a promissory note theretofore executed by him and secured by a chattel mortgage upon a team of mules which he had purchased from plaintiff. Hodge went to work for the defendant, McHaney, apparently early in 1911, using this team of mules in clearing land, building fences and doing other work upon defendant's property. The note to plaintiff was then overdue, and Hodge testified that when defendant asked him to come upon defendant's place to do this work he told defendant that he would do so if defendant would "go on"

this note; that defendant did not agree to do so and later, about April, 1911, the witness told defendant that plaintiff was demanding the mules, and that he (Hodge) had written plaintiff to come and get them; that nothing further was said until a little later when defendant told the witness that he had seen plaintiff and had paid the latter $50 on the note and "guaranteed the balance." The $50 thus paid by defendant was money which defendant then owed Hodge.

There is no dispute as to the fact that defendant met plaintiff in "Shelton's store"—evidently in April, 1911—paid plaintiff the $50 on the note, and made some further agreement regarding the payment of the balance then remaining due thereon. There is some conflict in the testimony as to just what was the oral agreement respecting the payment of the balance on the note. Plaintiff testified:

"We agreed in Shelton's store that if I would take $50 and leave the team alone that he would pay it (the note) and I taken him for it." Q. "He agreed to pay $50 on the note?" A. "Yes, sir." Q. "And did at that time?" A. "Yes, sir." Q. "And agreed to pay the rest?" A. "Yes, sir." Q. "Did you look to Hodge after that for the money?" A. "No, sir, I never did ask Hodge for a nickel." . . . Q. "And that was the contract between you and McHaney that Hodge was to keep the mules and that he (McHaney) was to pay for them?" A. "Yes, sir, that was the understanding, that he was to pay me this $50 and me not bother the mules."

On cross-examination plaintiff said that defendant agreed "that he would pay the note or deliver the mules —to pay the money or return the mules." He denied, however, that defendant had only promised to see that Hodge paid the debt, saying: "He promised to pay me."

Two witnesses present at the time of the oral agreement in question both testified that McHaney

agreed to pay the $50 and to pay the balance on the note some time ''in the fall,'' and that in consideration thereof plaintiff agreed not to take possession of the mules ''until fall.''

Defendant's testimony is that plaintiff, at the time in question, asked him to sign the note and that he refused to do so; that he paid plaintiff the $50, and said: ''I will guarantee that you will not be put to any trouble—if old man Hodge doesn't make a good crop I will guarantee that you will have your money or get your mules.''

It appears that some time in the latter part of this same year one of the mules died. Thereafter Hodge took the other mule to plaintiff who told him to take it to defendant who had agreed to be responsible for the debt. Hodge did this, but defendant denied any responsibility in the matter and directed Hodge to deliver the mule to plaintiff. Thereupon the mule was turned over to plaintiff at an agreed valuation which was credited upon the note.

The jury, upon instructions to be hereafter noticed, returned a verdict for plaintiff in the sum of $140.32, being the amount remaining unpaid on the note, with accrued interest thereupon; and judgment was accordingly entered for this amount.

I. After the cause reached the circuit court, plaintiff was permitted to file an amended petition. It is argued that the original statement filed before the justice of the peace stated no cause of action, and that it could not be amended in the circuit court. But it is quite clear that the original statement was sufficient as a statement of a cause of action before a justice of the peace, for it sufficiently advised the defendant of the nature of the claim asserted against him, and was so far specific and definite as to bar another action upon the same demand. [See Rundelman v. Boiler Works Co., 178 Mo. App. 1. c. 647, 161 S. W. 609.] It is there-

fore unnecessary to further discuss this assignment of error.

II. It is urged that the demurrer to the evidence interposed by defendant should have been sustained. Appellant contends that under the evidence adduced the oral agreement upon which defendant is here sought to be held liable is a collateral undertaking to pay the debt of another and within the Statute of Frauds. This question was raised below and is pressed upon us here.

Our statute (Section 2783, Revised Statutes 1909), which follows substantially the English Statute of Frauds and Perjuries, provides that no action shall be brought . . . to charge any person upon any special promise to answer for the debt, default or miscarriage of another . . . unless the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith or some other person by him thereto lawfully authorized.''

From the time of the early decisions under the English statute there has been quite a contrariety of opinion as to what oral contracts fall within the statute. It is well settled that it is not every oral agreement which may in terms provide for or involve the payment of a debt of another that comes under the ban of the statute and is thereby rendered invalid.

Where the promisor, who is sought to be held liable upon an oral agreement, agrees with the creditor to assume and pay the debt of a third person, and the original debtor is fully released and discharged therefrom, the contract is not one within the statute, and is valid though not in writing. In such case the original debt is gone and a new one is created with the promisor as a substituted debtor. [See Beall v. Board of Trade, 164 Mo. App. 186, 148 S. W. 396; Martin v. Harrington, 147 Mo. App. l. c. 711, 712, 161 S. W.

275, and authorities cited.] But it does not here appear that Hodge, the original debtor, was released and discharged. It is true that plaintiff testified that after the making by defendant of the oral promise in question he no longer looked to Hodge and made no further demands upon him. And plaintiff says of defendant: "I taken him for it." However, it nowhere appears that any steps were taken whereby to release Hodge. His liability on the note continued to exist, though plaintiff did not see fit to attempt to enforce it.

It is also true that where one undertakes to pay the debt of another and by the same act also pays his own debt, which is the motive for the promise, the undertaking is not one within the Statute of Frauds and need not be in writing. [See Dobyns v. Rice, 22 Mo. App. 448; Besshears v. Rowe, 46 Mo. 501; Browne, Statute of Frauds (5 Ed.), sec. 188.] But in the case before us it does not appear that the undertaking was to pay a debt of defendant, aside from the fifty dollars actually paid, except in so far as defendant may be said to have made the debt his own by the agreement in question.

Neither is an oral agreement within the statute where the promise is not made to the creditor but to the debtor or some other person. In such case the agreement, if founded upon a valid consideration, is an independent undertaking not affected by the statute. [See Brown v. Brown, 47 Mo. 130; Green v. Estes, 82 Mo. 337; Hedden v. Schneblin, 126 Mo. App. l. c. 485, 104 S. W. 887; Boone County Lumber Co. v. Niedermeyer, 187 Mo. App. 180, 173 S. W. 57. See, also, Van Meter v. Poole, 130 Mo. A‚/p. 433, 110 S. W. 5; Citizens Bank of Senath v. Douglas, 178 Mo. App. 664, 161 S. W. 601; Nelson v. Brown, 140 Mo. l. c. 588, 41 S. W. 960.] The contract here relied upon, however, was one made with plaintiff, the creditor. No express promise to Hodge on the part of defendant appears, though Hodge had sought to have defendant sign the

note and later knew that defendant had paid plaintiff the fifty dollars and had made an agreement with plaintiff respecting the payment of the balance of the note, by virtue of which agreement the mules were to remain in Hodge's possession.

The statute renders invalid only an oral promise to answer for the debt, default or miscarriage *of another*. Where the agreement is essentially an original undertaking on the part of the promisor to pay a debt which he makes his own, as distinguished from a collateral promise to answer for the debt of another, the contract is not invalidated by the statute. [See Stokes v. Mills, 171 Mo. App. 638, 154 S. W. 455; Haynes v. Johnson, 141 Mo. App. 506, 126 S. W. 177; Steele v. Ancient Order of Pyramids, 125 Mo. App. 680, 103 S. W. 108.] And though there is some conflict and confusion in the cases treating of the precise question, there is ample authority in support of the doctrine that a direct and unqualified promise to pay the debt of another, though the primary debt still subsists, is to be regarded as original in character and unaffected by the statute when the promise is founded upon a new and independent consideration moving to the promisor and beneficial to him, and which is the motive therefor. It is so held in Martin v. Harrington, supra, where in an opinion by ELLISON, J., the matter is discussed somewhat at length.

Our courts have substantially followed the rules enunciated by Chancellor KENT in the leading case of Leonard v. Vredenburgh, 8 Johns 29, respecting the matter in hand. [See Peck v. Harris, 57 Mo. App. l. c. 470.] The third class of cases there referred to, and which are held not to be within the statute, are said to be cases "when the promise to pay the debt of another arises out of some new and original consideration of benefit or harm moving between the newly contracting parties." But it has been more than once observed that this language, taken as a working rule,

would mean that any independent consideration for such a promise would suffice to take the contract out of the statute. If there is no present consideration for the promise it is a mere *nudum pactum* and unenforcible regardless of the statute. The purpose of the statute is to render certain contracts invalid, if not in writing, which would otherwise have been valid. [See Martin v. Harrington, supra.] In White v. Rentoul, 108 N. Y. 222, it is said that this statement in Leonard v. Vredenburgh is "dangerously broad and capable of grave misapprehension." But where the promise is in terms an absolute promise to pay the debt, and the new consideration is one *of benefit* to the promisor, which is the motive for the making thereof, it seems that the case may properly be held to be taken out of the operation of the statute. In such event the undertaking is independent in character, and founded upon the special benefits accruing thereby to the promisor. This is the doctrine of Nelson v. Boynton, 3 Met. 396, where the rule derived from the earlier cases was stated by Chief Justice SHAW (l. c. 402). It was adopted by this court in the early case of Walther v. Merrill, 6 Mo. App. 370, in an opinion by BAKEWELL, J. It does not appear that our Supreme Court has in terms so stated the rule, but, as pointed out by Judge ELLISON, in Martin v. Harrington, supra, it is in effect the view reflected in Besshears v. Rowe, 46 Mo. 501. In this connection see Kansas City Sewer Pipe Co. v. Smith, 36 Mo. App. 608; Browne, Statute of Frauds (5 Ed.), sec. 212 *et seq.*

In the case before us defendant's promise was made in consideration that plaintiff would not take the mules from the possession of defendant's employee, who was using them for defendant, for some months. It distinctly appears that this was of benefit to defendant, and that it was the motive for his promise; that his object was to promote his own interest, and not merely to relieve Hodge from the obligation in question. We

are of the opinion that the agreement was valid, under the circumstances, though not in writing, and that defendant should be required to respond thereupon.

Furthermore the contract made between plaintiff and defendant, based upon the new consideration aforesaid, was fully performed on the part of plaintiff. The evidence discloses that plaintiff, in reliance upon defendant's promise, refrained from taking possession of the mules in accordance with his agreement. Our courts have repeatedly held that ''complete performance of a contract by one contracting party forecloses his adversary from interposing the Statute of Frauds as his defense.'' [See Hedden v. Schneblin, 126 Mo. App. 1. c. 485, 104 S. W. 887; Chenoweth v. Express Co., 93 Mo. App. 185; Johnson v. Reading, 36 Mo. App. 1. c. 315, affirmed in Nally, Admr. v. Reading, 107 Mo. 350, 17 S. W. 978; Bless v. Jenkins, 129 Mo. 1. c. 657, 31 S. W. 938; Hale v. Stuart, 76 Mo. 20.]

The agreement was either to pay the debt or cause the mules to be returned to plaintiff, according to the latter's testimony. But this was an undertaking to pay the balance due upon the note, either in cash or in property to be accepted in payment thereof. No point is made respecting the valuation placed upon the mule delivered to plaintiff, which amount was credited upon the note; and this phase of the matter need not be noticed.

Appellant complains of the one instruction given at plaintiff's request, for the reason that it required the jury to find, among other things, that in consideration of defendant's promise plaintiff released Hodge and in his stead accepted defendant as the debtor, defendant consenting thereto; and that the evidence did not support this part of the instruction. But in this the instruction merely required the jury to find more than was essential to plaintiff's recovery. Furthermore an instruction given at defendant's request proceeds along precisely the same lines, and defendant is not in a posi-

tion to complain of plaintiff's instruction. The instruction assailed does require the jury to find that "the said promise of J. C. McHaney (if made) was in consideration of some benefits accuring directly to him."

Plaintiff's instruction told the jury that if they found for plaintiff their verdict should be for the sum of $140.32; this being the amount remaining unpaid upon the note with interest computed thereupon. It is argued that the court committed reversible error in computing the interest and thus instructing the jury as to the amount of the recovery. Such was formerly the rule of decision in this State, but in the recent case of McCormick Harvesting Machine Co. v. Blair, 181 Mo. App. 593, 164 S. W. 656, we held to the contrary, following the decision of the Supreme Court in Beekman Lumber Co. v. Havester Co., 215 Mo. 221, 114 S. W. 1087.

However, it does appear that plaintiff did not pray for interest upon the balance alleged to be due upon the note. The prayer is for judgment for $129.30, the amount alleged to be due and unpaid, with costs. Plaintiff cannot recover more than the amount for which he sues. The evidence authorizes a recovery of $129.30, but no interest may be added thereto.

If plaintiff within ten days will remit the sum of $11.02 the judgment below will be affirmed; otherwise it will be reversed and the cause remanded. *Reynolds, P. J.,* and *Nortoni, J.,* concur.