**GARLAND COMPANY, INC., Appellee,**

**v.**

**ROOFCO COMPANY and George Rasor, Appellant.**

**No. 86–1776.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 11, 1986.

Decided Jan. 21, 1987.

Rehearing and Rehearing En Banc Denied Feb. 26, 1987.

Francis L. Kenney, III, Clayton, Mo., for appellant.

Fred Roth, Clayton, Mo., for appellee.

Before BOWMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MORRIS S. ARNOLD,* District Judge.

BOWMAN, Circuit Judge.

George Rasor, the president and principal stockholder of the Roofco Company, appeals from a judgment holding him personally liable to the Garland Company, a supplier of materials used in Roofco's business. Rasor contends that his oral promise to pay Roofco's debt to Garland falls within the Statute of Frauds and therefore is unenforceable. We disagree and affirm the judgment of the District Court.[1]

Garland sold $48,517 worth of roofing materials to Roofco. Roofco failed to pay. In conversations between Rasor and Garland, Rasor personally guaranteed that he would pay the debt. When after some nine months the debt remained unpaid, Garland brought suit to enforce the oral promise. As an affirmative defense, Rasor invoked the Missouri Statute of Frauds, Mo.Rev. Stat. § 432.010 (1978), asserting that since

---

* The HONORABLE MORRIS S. ARNOLD, United States District Judge for the Western District of Arkansas, sitting by designation.

1. The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

his promise was not in writing it was not enforceable.[2] Garland countered, arguing that Rasor's promise was an original promise and thus was not within the Statute of Frauds. The District Court found for Garland and entered judgment against Rasor for the amount of the debt.

Under Missouri law, "It is well established that a promise which is original as between the promisee and the promisor, as opposed to one which is collateral to the primary obligation of a third party, is not barred by the Statute of Frauds." *Meinhold v. Huang,* 687 S.W.2d 596, 598 (Mo. App.1985) (citing *Carvitto v. Ryle,* 495 S.W.2d 109, 114 (Mo.App.1973)). In *Diehr v. Carey,* 191 S.W.2d 296 (Mo.App.1945), the court restated a three-part test (first laid out by the Missouri Supreme Court in *Wahl v. Cunningham,* 320 Mo. 57, 6 S.W.2d 576, 581 (1928) (en banc)) to determine whether a promise is properly characterized as original or collateral.

> [T]he tests to be applied to determine whether an agreement is an original undertaking, and not within the statute of frauds, are laid down as follows: (1) Credit must be given by the promisee to the promisor alone; and (2) the leading or main purpose of the promisor in making the promise must be to gain some advantage for himself, rather than to become the mere guarantor or surety of another's debt, and [3] the promise must be supported by a consideration beneficial to the promisor.

*Id.* 191 S.W.2d at 300. This test long has been part of Missouri law and has been given wide application in Missouri cases. *See, e.g., Meinhold,* 687 S.W.2d at 598–99; *Carvitto,* 495 S.W.2d at 114; *see also Ryan Equipment Co. v. Ficken,* 423 S.W.2d 63, 73 (Mo.App.1967); *Moore v. McHaney,* 191 Mo.App. 686, 178 S.W. 258, 261 (1915). In *McHaney,* the Missouri Court of Appeals stated that "a direct and unqualified promise to pay the debt of another, though the primary debt still subsists, is to be regarded as original in character and unaffected by the statute, when the promise is founded upon a new and independent consideration moving to the promisor and beneficial to him, and which is the motive therefor." 178 S.W. at 261. Similarly, in *Carvitto,* the court stated:

> The fact that such promise may in form be a promise to pay another's debt or that it might be incidentally beneficial to another debtor does not alone bring it within the statute of frauds. If the "leading" or "main" object of the promise is not to answer for the debt or obligation but rather to serve an interest of the promisor or if it directly benefits him, the promise is not within the statute.

495 S.W.2d at 114.

The District Court properly applied the three-part Missouri test to the present case and found: 1) following Rasor's promise to pay Roofco's debt, Garland had extended further credit to Rasor alone; 2) Rasor, as principal shareholder and president of Roofco, had a unique and personal interest in Garland's credit extensions (in the form of delay in filing suit) which allowed Roofco to continue its operations and to realize money from several jobs;[3] and 3) Rasor received beneficial consideration in the form of Garland's grant of credit extensions to Roofco and of Garland's forbearance from levying on a performance bond when absent such forbearance, Roofco's name would have been removed from a list of approved contractors.

Rasor argues that the District Court erred in concluding that benefit to a corporation may be found to be sufficient consideration to support a promise made by a stockholder and officer of the corporation. As a matter of Missouri law, however, this

---

**2.** Section 432.010 reads, in part, "No action shall be brought ... to charge any person upon any special promise to answer for the debt, default or miscarriage of another person ... unless the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith...."

**3.** The District Court stated that "while this is a benefit which presumably accrues to all stockholders, defendant as a majority stockholder had a more personal and unique interest in seeing the corporation continue in business than would a minority shareholder." Order at 5.

argument appears to be incorrect. *See Beckers-Behrens-Gist Lumber Co. v. Adams*, 311 S.W.2d 70, 74–75 (Mo.App.1958) (holding that benefit to a corporation, by increasing the value of its stock, constitutes sufficient consideration for promise of stockholder). In any event, we cannot say that the District Court's determination of this point of state law is unsupported by authority or lacking in reasoned analysis. *See Kifer v. Liberty Mutual Insurance Co.*, 777 F.2d 1325, 1330 (8th Cir.1985); *Ancom, Inc. v. E.R. Squibb & Sons, Inc.*, 658 F.2d 650, 654 (8th Cir.1981).

Having reviewed the record, we are satisfied that none of the findings of the District Court is clearly erroneous. *See* Fed. R.Civ.P. 52(a). Under Missouri law, these findings amply support the District Court's ultimate conclusion that Rasor's promise was original and thus not within the Statute of Frauds. Accordingly, the judgment of the District Court is affirmed.