Parker, C. J.,
delivered the opinion of the Court.
The question, presented in this case, requires a construction of the statute against frauds and perjuries, not before expressly given, but clearly deducible from preexisting decisions in regard to the operation of that statute.
Here the plaintiff was induced to become surety for a debtor in prison, upon the promise of the defendant to indemnify him. He has been obliged to pay a considerable sum of money in consequence of his suretiship, and he calls upon the defendant to perform his promise.
* Surely nothing could be more just or reasonable than [*299] that the law should coerce the performance of such a contract. But still the public convenience, which caused the adoption of the statute against frauds and perjuries, does sometimes prevent a recovery upon promises clearly proved by paroi, but which are not proved by some writing signed by the party to be *261 bound. And, if it clearly appears that the promise declared on in this case is such an one as the legislature intended should be proved by writing only, the action must fail.
The words of the statute are, “ No action shall be brought, whereby to charge the defendant upon any special promise to answer for the debt, default, or misdoings of another person, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized.” (2)
The uniform construction, given by the English courts and adopted by ours, as to that branch of the statute which relates to debts, has been to consider the provision as applicable only to preexisting debts of a third person, which are considered as not furnishing a sufficient consideration for a paroi promise. Indeed, the consideration may be said to be passed when the promise is made ; so that some new consideration, such as forbearance, release from arrest, &c., may be necessary to support such a promise.
But when the promise is prospective, to pay the debt of another, which may accrue in consequence of the very promise which is made, this is considered as not affected by the statute. The consideration is then coexisting with the promise ; and it is the original debt of the party making the promise. This doctrine seemed to be admitted by the counsel for the defendant ; and, as no debt existed at the time of the promise, they suggested that this was a promise for the default or misdoings of another, and so was within the statute.
* But perhaps the same reason applies as to debt. [*300] Here was no actually existing default or misdoing at the time of the promise ; but the promise was, to indemnify against a future default or misdoing, in consequence of which the plaintiff became surety. This was a good and valuable consideration ; and it is not a case within the statute. It is an original, and not a collateral promise.†
*262 Further, the defendant had property put into his hands, upon which he made the promise. He assumed the indemnity himself, and became the original contractor. Dearborn made ' no express promise ; nor is he liable upon an implied promise, because he had parted with his property to Spring, who thereupon made his contract with the plaintiff. There was no privity between the plaintiff and Dearborn ; and, under these circumstances, we think it is not clear that the present plaintiff could maintain an action against Dearborn.†
Judgment is to be entered upon the verdict.

 Stat. 1788, c. 16.

 There is no such distinction made in the English books between a promise to answer for a past, and a promise to answer for a future debt, default, or miscarriage of a third person, as is here imagined. Fell, Guar. c. 2. — Jones vs. Cooper, Cowp. 227. — Matson et al. vs. Wharam, 2 D. & E. 80.— Watkins vs. Perkins, 1 Ld. Raym. 224. — Gordon vs. Martin, Fitzg. 302. — Anderson vs. Hayman, 1 H. Bl. 120. — Buckmin vs. Darnall, 2 Ld. Raym. 1085. — Salk. 27 — 6 Mod. 248. — De Wolfe vs. Rabaud et al., 1 Peters, 499. — Dixon vs. Broomfield, 2 Chitty, R. 205. — Barber vs. Fox, 1 Starkie, 270. — Raindo vs. Storry, 3 C. & P. 130.— Garnett vs. Hill, 2 Starkie, R. 9. Wherever there is a principal contractor, and a guarantor or surety, known and undertaking as such, whether for a past, or future, or coexisting debt, default, or miscarriage, the case is within the statute; but where this relationship does not exist, or where a new ur original and independent contract upon a new or original consideration is made between a creditor, or one of two contracting parties, and a third person, respecting the discharge of the del* '1r performance of the contract, *262 this is not a case which comes within the statute. Maggs vs. Ames, 4 Bing. 474.— Dixon & al. vs. Hatfield, 2 Bing. 439. — 10 Moore, 42. — Read vs. Nash, 1 Wilson, 305. — Tomkins vs. Gill, Amb. 330. — Williams vs. Leper, 3 Burns, 1886, 2 Wilson, 308. — Houlditch vs. Milne, 3 Esp. N. P. 86. — Castling vs. Aubert, 2 East, 335. — Edwards vs. Kelly et al., 6 M. & S. 204. —- Adams vs. Dansey, 9 Bing 506. — Browning et al. vs. Stalland, 5 Taunt. 450. — Anstey vs. Marden, 1 N. Rep. 124. — Goodman et al. vs. Chase, 1 5. 297. •— Bampton vs. Paulin, 4 Bing. 264. — Jarmin vs. Alger, 1 R & M. 348. — Elden vs. Warfield, 7 H. & J. 391. — Siace vs Pigott, 1 Nott & M. 124. — Jones vs. Ballard, 2 Const. C. R. 113. — M'Cray vs. Madden, 1 M'Cord, 486.— Underhill et al. vs. Gibson, 2 N. H. R. 352. — Townsley vs. Sumall, 2 Peters, 182. — Farley vs. Cleveland, 4 Cowen, 432, 9 Cowen, 639.— Chase vs. Day, 17 Johns 114.— Waggoner vs. Gray's Adm'rs., 2 H. & M. 603. Nor is the case where both appear to be principals. Waugh vs. Carver, 2 H. Bl 235 Nor perhaps is the case where both undertake as principals. Scholes et al. vs Hampson et al., Fell, Guar. c. 2, pl. 19; although it is known, that, between themselves, one is a principal ‘and the other is a surety within the statute.

 Why was not Dearborn, nevertheless, liable on an implied promise to indemnify Perley, who, by Dearborn’s procurement, or certainly with his assent, became bail for him. How can it be said there was no privity between Dearborn and the plaintiff? The case does not even find, that the plaintiff knew that Dearborn had deposited property in the hands of the defendant to indemnify him against any liability he might incur in procuring bail. And it does not very distinctly appear for what liability he was to hold the property as indemnity. Vide Harrison vs. Sawtell. 10 Johns. 242.