## STEPHEN S. NELSON vs. WILLIAM BOYNTON.

A promise to pay the note of a third person which is in suit, and is secured by an attachment of his property, in consideration of the holder's discontinuing the suit thereon, is within the statute of frauds, and is not valid, unless it be in writing.

To prove that an attachment was made on a writ which is lost, it is not necessary to call the officer who served the writ, though he is within the process of the court. Such fact may be proved by a person who saw the officer write his return on the writ.

ASSUMPSIT to recover the amount of two promissory notes, dated April 1st 1828, each for the sum of $20, one payable in six months, and the other in twelve months from date, with interest after, given by Ebenezer Boynton, the father of the defendant, to the plaintiff.

At the trial before *Cummins*, J. in the court of common pleas, evidence was given that the plaintiff, in 1834, commenced a suit against said Ebenezer, on said notes, and attached his real estate ; that the present defendant, while said estate was so under attachment, and before said action was entered in court, orally promised the plaintiff to pay the amount of said notes, if the plaintiff would discontinue said suit ; and that the plaintiff discontinued the same accordingly. The judge instructed the jury that " this bargain, if they believed it to have been made, was an original undertaking by the defendant, for a new consideration, and was not within the statute of frauds."

In the progress of the trial, it appeared that said notes were not given up nor discharged, when the defendant made the promise aforesaid ; and the judge instructed the jury, that " if there was a consideration for said promise, the contract need not be in writing, notwithstanding said notes might not be given up."

The plaintiff, at the trial, introduced J. Russell, Esq. as a witness, to prove that the real estate of said Ebenezer Boynton

was attached in the aforesaid suit commenced by the plaintiff in 1834.   Said Russell testified that the writ in that suit was lost ; that he wrote the return upon it, which was signed by John B. Savory, a deputy sheriff.   The defendant objected to this evidence, on the ground that said Savory, who made the attachment, was within the process of the court, and was therefore the proper person by whom said attachment should be proved. The judge overruled this objection, and said Russell testified that said return stated an attachment of said real estate ; and no other evidence of the said attachment was given.

A verdict was returned for the plaintiff, and the defendant alleged exceptions to the abovementioned instructions and ruling of the judge.

*O. P. Lord,* for the defendant.   The English cases seem to require that a promise to pay the debt of another shall be in writing, although there be a new consideration.  *Wain* v. *Warlters,* 5 East, 10.   *Saunders* v. *Wakefield,* 4 Barn. & Ald. 595. *Goodman* v. *Chase,* 1 Barn. & Ald. 297.   *Barrell* v. *Trussell,* 4 Taunt. 117.   *Atkinson* v. *Carter,* 2 Chit. R. 403.   *Fish* v. *Hutchinson,* 2 Wils. 94.   *Jarmain* v. *Algar,* 2 Car. & P. 249.   *Kirkham* v. *Marter,* 2 Barn. & Ald. 613.   The only exception to this rule, which obtains in England, seems to be where property comes from the plaintiff, into the possession of the defendant, to pay the debt of a third person.

The case of *Packard* v. *Richardson,* 17 Mass. 122, is often referred to as having settled the point, that a promise to pay the debt of another, with a new consideration, need not be in writing   But the report of the case does not support that doctrine. The promise there *was in writing,* and the only point necessarily before the court was, whether the *consideration* must also be shown by writing.

This court has repeatedly decided, in accordance with the English decisions on the same point, that even a written promise to pay the debt of another is not valid, unless there be some new consideration.   If then a promise without consideration is void, though made in writing, and an oral promise, with consideration, is valid, there is no case in which a written promise

would be valid, where an oral one would not be. Without consideration, neither an oral nor a written promise is valid : With a consideration, each is equally valid. Did the legislature intend this ?

The officer, who made the attachment in the suit against Ebenezer Boynton, being within the process of the court, seems to be the only person competent to testify to his own official acts. A stranger could neither know his authority, nor the man ner in which he exercised it.

*Hills*, for the plaintiff. The promise of the defendant, being upon a new consideration raised by himself, is not within the statute of frauds. St. 1788, c. 16, § 1. *Russell* v. *Babcock*, 2 Shepley, 138. *Loomis* v. *Newhall*, 15 Pick. 166. *Packard* v. *Richardson*, 17 Mass. 122. *Elder* v. *Warfield*, 7 Har. & J. 391. *Dearborn* v. *Parks*, 5 Greenl. 81. 3 Kent Com. (3d ed.) 122.

It is sufficient to support such a promise, that the creditor relinquish some charge or lien on property from which he might enforce payment or satisfaction. It is not essential that the debtor be also discharged. *Williams* v. *Leper*, 3 Bur. 1886. S. C. 2 Wils. 308. *Bampton* v. *Paulin*, 4 Bing. 264. *Castling* v. *Aubert*, 2 East, 325. *Mercein* v. *Andrus*, 10 Wend. 461. *Barrell* v. *Trussell*, 4 Taunt. 117. *Edwards* v. *Kelly*, 6 M. & S. 204. *Thomas* v. *Williams*, 10 Barn. & Cres. 664. *Farley* v. *Cleveland*, 4 Cow. 439. *Rogers* v. *Kneeland*, 13 Wend. 114. These cases are not impugned by *Stone* v. *Symmes*, 18 Pick. 467, for in that case no lien was given up.

The testimony of Russell was not secondary evidence, and was therefore properly admitted. 1 Stark Ev. 391, 392. 2 Saund. Pl. & Ev. 780. *Liebman* v. *Pooley*, 1 Stark. R. 167.

*Lord*, in reply. The case of *Loomis* v. *Newhall*, cited for the plaintiff, supports the position taken by the defendant. There the defendant orally promised to pay the debt of his son. And though the court held that parol evidence was admissible to prove the consideration of the promise, and that a sufficient consideration was proved by such evidence, yet they also held that, as the son remained indebted to the plaintiff, the promise should have been in writing.

SHAW, C. J.   Questions depending upon this branch of the statute of frauds are often attended with some perplexity, on account of the difficulty in laying down a general rule, by which to distinguish a guaranty, or mere collateral promise for the debt of another, from an original agreement, upon a new and independent consideration, when the subject of the contract is the debt or default of another.

Our own statute is in terms so nearly like the statute 22 Car. II. to prevent frauds and perjuries, that the English authorities upon its construction are entitled to the same consideration, as upon questions of common law.   The statute, in force wher the promise in question was alleged to have been made, was this ; " no action shall be brought whereby to charge the defendant upon any special promise to answer for the debt, default or misdoings of another person, unless the agreement, or some memorandum or note thereof shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized."  St. 1788, c. 16, § 1. The provision in the revised statutes is in nearly the same terms, and of the same legal effect.   Rev. Sts. c. 74, § 1.

The object of the statute manifestly was, to secure the highest and most satisfactory species of evidence, in a case, where a party, without apparent benefit to himself, enters into stipulations of suretyship, and where there would be great temptation, on the part of a creditor, in danger of losing his debt by the insolvency of his debtor, to support a suit against the friends or rela tives of a debtor, a father, son, or brother, by means of false evidence ; by exaggerating words of recommendation, encouragement to forbearance, and requests for indulgence, into positive contracts.

Some things under the statute seem to be well settled ; and one is, that to bind one person for the debt or default of another, there must not only be a promise or memorandum in writing, but such promise must be made on good consideration.   The statute does not vary the rule of common law, as to what constitutes a valid and binding promise ; to every such promise, whether oral or written, there must be a good consideration.   A

promise without consideration is bad by the common law, as *nudum pactum ;* a promise on good consideration, without writing, if for the debt of another, is bad by the statute. To bind one therefore for the debt or default of another, both must concur ; first, a promise on good consideration, and secondly, evidence thereof in writing. It is not enough, therefore, that a sufficient legal consideration for a promise is proved, if the object of the promise is the payment of the debt of another, for his account, and not with a view to any benefit to the promisor. Some expressions of a contrary opinion are to be found in *Perley* v. *Spring*, 12 Mass. 299 ; but they seem not to have been called for by the case, which was, no doubt, rightly decided on the facts disclosed.

The terms original and collateral promise, though not used in the statute, are convenient enough, to distinguish between the cases, where the direct and leading object of the promise is, to become the surety or guarantor of another's debt, and those where, although the effect of the promise is to pay the debt of another, yet the leading object of the undertaker is, to subserve or promote some interest or purpose of his own. The former, whether made before, or after, or at the same time with the promise of the principal, is not valid, unless manifested by evidence in writing ; the latter, if made on good consideration, is unaffected by the statute, because, although the effect of it is to release or suspend the debt of another, yet that is not the leading object, on the part of the promisor.

In case one says to another, " deliver goods to A. and I will pay you," it is binding, though by parol, because A., though he receives the goods, is never liable to pay for them. But if, in this same case, he says, " I will see you paid," or " I will pay, if he does not," or uses words equivalent, showing that the debt is in the first instance the debt of A., the undertaking is collateral and not valid, unless in writing. *Matson* v. *Wharam*, 2 T. R. 80. *Anderson* v. *Hayman*, 1 H. B. 120. In these cases, the same consideration, which is the consideration of the promise of the principal, is a good consideration for the promise of the surety or collateral promisor. The credit is given as

well upon the original consideration of the principal, as the collateral promise of the surety, and is a good consideration for both. *D'Wolf* v. *Rabaud*, 1 Pet. 500.    *Townsley* v. *Sumrall*, 2 Pet. 182.

The distinction between the different classes of cases is well stated in *Leonard* v. *Vredenburgh*, 8 Johns. 29, and *Farley* v. *Cleveland*, 4 Cow. 432.

The statute of frauds, says Mr. Justice Bayley, in *Edwards* v. *Kelly*, 6 M. & S. 209, was aimed at cases, where a debt being due from one person, another engaged to pay it for him ; but where one promised to pay the debt of another, in order to release property in which he or his employers had an interest — as to extricate property subject to distress, on promising to pay the amount due — it was neither within the letter nor the mischief of the act.

But it has been argued, that this case is not within the statute, because the consideration of the defendant's promise was the discontinuance of an action commenced by the plaintiff against the defendant's father, in which he had an attachment on real estate ; and this, it was argued, brings it within the case of *Williams* v. *Leper*, 3 Bur. 1886, and that class of cases, in which the creditor had a claim or lien upon property, which was discharged, at the request and for the benefit of the party promising.

That is the class of cases, where, as expressed in Roberts on Frauds, 232, the statute does not apply, if the consideration, " spring out of any new transaction, or move to the party promising upon some fresh and substantive ground of a personal concern to himself." In the latter, there is no doubt that a good promise may be made by parol, and it is independent of the statute.

In *Williams* v. *Leper*, 3 Bur. 1886, the landlord was about distraining for rent, and the defendant, a broker, who was employed to sell the goods, promised to pay the rent if the plaintiff would forbear to distrain. It was put upon the ground that the direct object and purpose of this promise were, not to pay the debt of another, but that it was in effect a release and transfer of the plaintiff's interest in the goods, and that the leading

object of the promisor was to obtain this transfer, and that the discharge of the rent was collateral and subsidiary.

The case of *Castling* v. *Aubert*, 2 East, 325, throws much light on this distinction. The plaintiff had a lien, as broker, on policies of insurance, sufficient to indemnify him against his liabilities for his principal, and the defendant had an interest in having them transferred to him ; and, to induce the plaintiff to do so, promised to pay the debt of the principal. It was held that this was not within the statute. It was considered that though the discharge of the principal would eventually follow, yet because it was not the leading object of the transaction, but another and quite a different object, viz. that of obtaining the policies, it was not within the statute. It was in the nature of a purchase of the securities, which the plaintiff held and had a right to hold. So in the case of *Barrell* v. *Trussell*, 4 Taunt. 117.

The rule to be derived from the decisions seems to be this , that cases are not considered as coming within the statute, when the party promising has for his object a benefit which he did not before enjoy, accruing immediately to himself ; but where the object of the promise is to obtain the release of the person or property of the debtor, or other forbearance or benefit to him, it is within the statute. In the case of *Fish* v. *Hutchinson*, 2 Wils. 94, the plaintiff had sued a third person, and the defendant, in consideration that he would stay his action, promised to pay ; the original debt still subsisting. It was held that it was a promise for the debt of another, and within the statute. So in *Jackson* v. *Rayner*, 12 Johns. 291, where the plaintiff had sued the defendant's son, although the defendant stated, at the same time, that he had taken the son's property, and meant to pay his debts, it was held not binding without a promise in writing. Many other cases upon the construction of the statute might be cited to illustrate this distinction.

It becomes necessary then to apply the rule, thus established, to the circumstances of the present case.

It appears that in the year 1834, the plaintiff commenced an action against the defendant's father, on two promissory notes,

and attached real estate as security ; that before the action was entered in court, the defendant promised the plaintiff, that if he would discontinue his suit, he would pay him the amount of the notes ; and that the suit was accordingly discontinued. It further appears that the notes were not given up, nor the father discharged. They were in fact the same notes, on which the action is now brought.

Under these circumstances, the court are of opinion that the promise was within the statute of frauds ; a promise to pay the debt of the father ; and therefore, though made on good consideration, was not valid, without a promise or memorandum of the agreement in writing. For, although the effect of the discontinuance of the action was to discharge the attachment, yet that was incidental only, and the leading object and purpose were the relief and benefit of the father, and not of the son. It does not appear that the son had any interest in the estate released, or object or purpose of his own to subserve. It is the ordinary case of a son becoming surety for the father's debt, in consideration of surceasing a suit, or other forbearance, and therefore, not being in writing, is within the statute. And although the forbearance would be a good consideration for such a promise, if proved by written evidence, yet the consideration was not of such a character as to constitute a new and original transaction between these parties.

The court below, having expressed a different opinion, and instructed the jury that this bargain, if they found it had been so made, was an original undertaking by the defendant, for a new consideration, and was not therefore within the statute of frauds, and also that, notwithstanding the notes were not given up, nor the father discharged, still, if there was a consideration for the promise, that the promise need not be in writing ; this court are of opinion, that the verdict rendered for the plaintiff, in pursuance of these instructions, must be set aside, and a new trial granted.

It appears by the dates of the notes, that nearly six years had elapsed, when the former action was brought against the father on the notes. Whether six years had elapsed from the

times at which the causes of action on them respectively ac crued, when the suit was discontinued, whether they were at-tested notes, or whether any new promise had been made, to take them out of the operation of the statute of limitations, does not appear. If at the time of that discontinuance the statute of limitations had actually taken effect, so that the discontinu-ance of the action was, in effect, a discharge of the debt, by a discharge of all remedy to recover it, so that the promise of the son may be considered as having procured the discharge of the debt due from the father, it might present a different question, on which we are not called, by the present state of facts, to give an opinion. The instructions to the jury were not given with reference to any such case. [See 9 Verm. 136.]

An exception was taken to the admission of the testimony of Russell, to prove the fact of an attachment in the former suit.

The writ on file was undoubtedly the primary and proper evi-dence to prove the attachment. But in case of its loss, and upon satisfactory proof of that fact, we do not perceive why its existence and contents may not as well have been proved by that witness, as by the testimony of the officer who served and returned it. The testimony of Russell, in regard to that of the officer, cannot be deemed secondary. It does not pre-suppose the existence of evidence of a higher nature, which must first be adduced. In regard to the writ itself, both are secondary ; but after proof of its loss, the memory of any one who saw it, and can testify to its contents, is of as high a na-ture as that of another, offered to prove the same fact.

*Verdict set aside, and a new trial granted.*