## HEIDENHEIMER BROS. & JONES v. J. M. JOHNSTON.

(No. 63, Tex. L. J., vol. 1, p. 163.)

APPEAL from Harris County. Opinion by WHITE, J.

§ 645. *The right of a deputy sheriff to sue in his own name on a verbal promise to indemnify him for levying execution.* This was a suit brought by and to recover damages on a verbal promise to indemnify a deputy sheriff for making a levy and sale under execution. After seizure and sale the rightful owner of the property sued and recovered judgment against the sheriff, the principal of the deputy who made the levy. There are no allegations or proofs that the deputy who here sues has ever

repaid to his principal the amount of the judgment recovered by the owner of the property.

We do not think the defendants can be heard to question the right of the deputy to sue, inasmuch as he was the party with whom they made the contract, and the rights or equities existing between him and his principal are matters with which they have nothing to do and about which they should not be heard to inquire, inasmuch as a compliance with their contract with the deputy would be an end and satisfaction of any claim which the sheriff might have over against them on account of the contract. The sheriff is fully protected by law as against his deputy. [Pas. Dig. art. 5113.] Nor do we think it was necessary for the plaintiff to allege and prove an actual payment by him of the amount of the judgment recovered against his principal. The judgment fixes definitely the amount which he is compellable to pay his principal, and he does not stand in the character or attitude of a surety who in law must actually pay the debt before he can recover against his principal. [Conkey v. Hopkins, 17 Johns. (N. Y.) 112.]

§ 646. *Does a verbal promise to indemnify an officer come within the statute of frauds (Pas. Dig. art. 3875)?* Upon the general question whether a promise to indemnify falls within the statute of frauds, the authorities are entirely at variance and do not justify any positive statement of an established rule. [Hilliard on Contracts, vol. 1, ch. 12, § 19.] The following authorities support the doctrine that such a promise is not within the provisions of the statute: Conkey v. Hopkins, 17 Johns. 112; Harrison v. Sawtel, 10 Johns. 242; Chase v. Day, 17 Johns. 114; Olmstead v. Greenly, 18 Johns. 12; Perley v. Spring, 12 Mass. 296; Beaman v. Russell, 20 Vt. 205; Chapin v. Lapham, 20 Pick. 467; Chapin v. Merrill, 4 Wend. 657; Holmes v. Knight, 10 N. H. 175; Chapman v. Ross, 12 Leigh, 565.

Shaw, C. J., in Nelson v. Boynton, 3 Met. 396, says: "The terms original and collateral promise, though not

used in the statute, are convenient enough to distinguish between the cases, where the direct and leading object of the promise is to become surety or guarantor of another's debt, and those where, although the effect of the promise is to pay the debt of another, yet the leading object of the undertaker is to subserve some interest or purpose of his own. The former, when made before or after, or at the same time, of the promise of the principal, is not valid unless manifested by evidence in writing; the latter, if made on good consideration, is unaffected by the statute, because, although the effect of it is to release or suspend the debt of another, yet that is not the leading object on the part of the promisor. In case one says to another, 'deliver goods to A. and I will pay you,' it is binding, though by parol; because A., though he receives the goods, is never liable to pay for them. But if in this same case he says, 'I will see you paid,' or, 'I will pay if he does not,' or uses words equivalent, showing that the debt is in the first instance the debt of A., the undertaking is collateral and not binding, unless in writing. [Matson v. Wharam, 2 T. R. 80; Anderson v. Hayman, 1 H. Bl. 20.] In these cases, the same consideration which is the consideration of the promise of a principal is a good consideration of the promise of a surety of the collateral promisor. The credit is given as well upon the original consideration for the principal as the collateral promise of the surety, and is a good consideration for both." [De Wolf v. Rabaud, 1 Pet. 500; Townsley v. Sumrall, 2 Pet. 182; 3 Met. 400; 3 Pars. on Cont. part 2, ch. 5, p. 24; Lemon v. Box, 20 Tex. 329.]

We are of opinion the law made Jones liable as an original promisor, and such being the case, that the contract did not come within the statute of frauds. It follows that if Jones was liable, then the plea in abatement, interposed by defendants Heidenheimer, was not maintainable.

January 12, 1878.                          Affirmed.