Martin v. Harrington.

## EDWARD D. MARTIN, Appellant, v. W. R. HARRINGTON, Respondent.

### Kansas City Court of Appeals, December 1, 1913.

1. **STATUTE OF FRAUDS: Consideration: Verbal Promise.** In order to take a verbal promise out of the Statute of Frauds requiring an agreement to pay the debt of another to be in writing, there must be some consideration moving to the promissor, unless the original debtor is released and the debt discharged.

2. ————: **Discharge of Debt: Original Promise.** Where a third party promises a creditor to pay an existing debt of his debtor if the creditor will release the debtor and discharge the debt, and the creditor agrees and does it, the promissor's promise is an original undertaking and need not be in writing. In such case, the debt being discharged, there is no "debt of another person" and the Statute of Frauds does not apply.

3. ————: **Demurrer: Procedure.** A demurrer is not the proper procedure to take advantage of the Statute of Frauds.

Appeal from Clinton Circuit Court.—*Hon. A. D. Burns,* Judge.

REVERSED AND REMANDED.

*Daniel B. Gross* and *W. S. Herndon* for appellant.

*John A. Cross* for respondent.

ELLISON, P. J.—Plaintiff's action is to recover $663.70 on an account. Defendant demurred to the petition on the ground that it did not state a cause of action. The trial court sustained the demurrer and plaintiff appealed.

The ground of the demurrer was that the petition stated the original debt was that of another person which defendant had promised to pay and that being the verbal promise to pay the debt of another it was void under the Statute of Frauds (Sec. 2783, R. S. 1909) providing that, "No action shall be brought to

charge . . . any person upon any special promise to answer for the debt, default or miscarriage of another person . . . unless the agreement upon which the action shall be brought, or some note or memorandum thereof, shall be in writing," etc.

The parties have ignored the law that when an agreement involving the Statute of Frauds is alleged in a petition, it is not necessary that it should be alleged to be in writing, since it will be presumed the agreement stated is a legal one. There should have been an answer denying an agreement and then if the one proven is not in writing the statute may be invoked. A demurrer is not the way in which to obtain the benefit of the Statute of Frauds. [Phillips v. Hardenburg, 181 Mo. 1. c. 472.] But as the same question will arise on a trial, we proceed to an examination of the matters involved.

It is alleged in the petition that J. C. Harrington being then indebted to plaintiff on the account defendant agreed with plaintiff that if the latter would "release and discharge J. C. Harrington from the payment of said debt he would pay said debt as his own." That plaintiff "accepted the agreement and did release the said debtor J. C. Harrington."

The case presents a vexed question arising from conflict in the decisions. It is of course, agreed by all that there must be a consideration to support the third party's promise. Ordinarily a consideration may be made up of either benefit to the promisor, or of harm to the promisee; but in cases under this statute it is stoutly maintained that the latter consideration does not avail as a support to a verbal promise to pay the debt of another, in the face of the statute requiring it to be in writing. The ruling is that, in order to make the statute inapplicable, the object of the promise must be some benefit to the promisor, the payment of the original debtor's debt being a mere incident. It is stated in these words in a leading case:

"The rule to be derived from the decisions seems to be this, that cases are not considered as coming within the statute, when the party promising has for his object a benefit which he did not before enjoy, accruing immediately to himself; but where the object of the promise is to obtain the release of the person or property of the debtor, or other forbearance or benefit to him, it is within the statute." [Nelson v. Boynton, 3 Met. 396.] The same rule is announced in Cowenhoven v. Howell, 36 N. J. L. 323, the court emphasizing it in these words: "The consequence is, that agreements which will have the effect to discharge the debt of another, must be founded in a motive of interest, selfish in the promisor. The distinction is between a promise, the object of which is to promote the interest of another and one in which the the object is to promote the interest of the party making the promise. The former is within the operation of the statute. The latter is unaffected by it." Chancellor Kent divided the cases into three classes and this was his statement of the third class: "When the promise to pay the debt of another arises out of some new and original consideration of benefit or harm moving between the newly contracting parties;" (Leanord v. Vredenburgh, 8 Johns. 29). That statement has been questioned on the ground that it includes harm to the creditor as constituting a sufficient consideration. In Farley v. Cleveland, 4 Cowen, 42, the statement of Chancellor Kent is approved, but it is restated (p. 439) in language which we take to be an intimation of the way in which the rule, as stated by the chancellor, should be interpreted; thus, "In all these cases founded upon a new and original consideration of benefit to the defendant, either from the plaintiff, or the original debtor, the subsisting liability of the debtor is no objection to the recovery." Thus, though the court approved of what Kent had said, it takes the pains to say that the consideration of harm to the

creditor must be such character of harm as moves to or benefits the promisor. And this, we think is the interpretation put upon it in Nelson v. Boynton, supra, and Mallory v. Gillett, 21 N. Y. 412, 419. So we may regard the effect of the rule to be that the consideration which will withdraw the protection of the statute from the defendant's verbal promise is a consideration which moves to or is of benefit to him and when it is said that the consideration may consist of harm to the promisee plaintiff, it means a harm that has benefited the promissor. To say that any consideration will take a promise based thereon out of the statute is to make the statute useless. For if there is no consideration the promise is invalid without the statute. The statute is aimed at what were valid contracts; that is to say, it makes invalid contracts not in writing which would otherwise have been valid. So the St. Louis Court of Appeals has said that the main object of the verbal promisor must not be to pay the debt, but to benefit himself. [Walther v. Merrell, 6 Mo. App. 70.] And this, in effect, is the view of the Supreme Court. [Besshears v. Rowe, 46 Mo. 501.]

But in numberless instances cases arise thought to be within the statute and which are so confusingly near to it as to require close scrutiny, to discover the dividing line. The statute invalidates a verbal promise to pay the debt of *another,* and it is frequently the hardest matter to determine whose debt is a given obligation. Although one party may be the cause of the debt he may not be the debtor, for the original obligation may rest upon a third party. As if the latter takes a person to a merchant and says let this man have certain goods and I will pay for them; there is an original indebtedness by the promissor and the contract is not to pay the debt of the man who gets the goods but his own. Many illustrations might be given. In this illustration the debt never existed against the party getting the goods.

But there are instances where the debt may exist against the debtor and a third party, in consideration that the creditor releases it, verbally promises to pay it. That is the case now before us. Now in such instance the debt, being discharged, no longer exists and the third party's promise to the creditor is not to pay the debt of another, but he has created a debt of his own to the creditor; and though the effect is to wipe out the debt of the debtor, the fact is that he has substituted himself in the debtor's place (the latter being no further concerned) the consideration being the release between the creditor and the original debtor, and not a benefit to the promissor. Thus the promise is not to pay the debt of another. And by an examination of the authorities above cited, it will be found that the courts qualify the rule by the express statement that the debt of the original debtor was still subsisting. Thus in Cowenhoven v. Howell, supra, the court, after announcing the rule that there must be a consideration moving to the promissor, adds the cautionary qualification, ''that the rule above adopted is not applicable to that class of affairs where the effect of the new promise is to extinguish the liability of the original party before the obligation of the new promise attaches.''

But we need not depend upon the foregoing cases having made that qualification in cases where the question was not directly up for decision. There is abundant authority where the question was directly involved. And while some may treat the question of consideration for the promise differently from others, all agree that if, the new promise is in fact made on the discharge by the creditor of the original debtor, that that debt is gone and a new one created with a substituted debtor. [Underwood v. Lovelace, 61 Ala. 155; Whittemore v. Wentworth, 76 Maine, 20; Brown v. Weber, 38 N. Y. 187, 191; Fain v. Turner, 96 Ky. 634, 638; Wood v. Corcoran, 1 Allen, 405; Packer v. Ben-

ton, 35 Conn. 343.] In the latter case this condition of contract is stated to be necessary to the application of the statute, viz. (italics the court's): "An undertaking by a person *not before liable,* for the *purpose* of securing or performing the *same* duty for which the party for whom the undertaking is made *continues* liable." That is to say, if the original debtor is discharged—does not *continue* liable after the promisor's promise—the statute does not apply. And this is the law as stated in Browne on the Statute of Frauds, sec. 193. And it is in accord with our ruling in Brown v. Corey, 74 Mo. App. 462, and the rule stated in 29 American and English Ency. of Law, 912.

We find the same interpretation of the statute is given in England. In Goodman v. Chase, 1 B. & Ald. 297, there were two arguments after which Lord EL-LENBOROUGH stated the opinion of the court as follows: "By the discharge of Chase Junior with the plaintiff's consent, the debt as between those two persons was satisfied. No case can be cited in which such a discharge has not been held quite sufficient. Then if so, the promise by the defendant here is not a collateral but an original promise, for which the consideration is the discharge of the debt as between the plaintiff and Chase Junior. That being so, it becomes wholly unnecessary to consider the question arising out of the construction of the fourth section of the Statute of Frauds."

In Sane v. Burghart, 1 Q. B. 933, the original debtor was discharged by the creditor in consideration of which Burghart agreed to pay the debt and it was held to be an original undertaking by him to the creditor to which the statute did not comply.

The foregoing considerations demonstrate that the petition stated a case not within the statute and that therefore the demurrer should have been overruled. The judgment is reversed and the cause remanded.

All concur.