P. R. WAGGONER, Respondent, v. MRS. LAURA DAVIDSON, Appellant.

Springfield Court of Appeals, April 14, 1915.

1. **JUSTICES OF THE PEACE: Pleadings: Defense on Appeal: Statute of Frauds.** Action against a mother on a verbal promise to pay the debt of her son. Suit begun in justice court. Since formal pleadings are not necessary in actions brought before justices of the peace, defendant can raise the defense of Statute of Frauds by requested instruction without pleading same.

2. **STATUTE OF FRAUDS: Promise to Pay Another's Debt.** The verbal agreement on the part of a mother to pay a debt of her minor son is within the Statute of Frauds.

3. ———: ———: **What Not an Original Promise.** Where goods were sold to a minor son and by him used before defendant mother was ever consulted as to the debt contracted, she cannot be *held* as an original promisor.

4. ————: **Original Promisor: When Liable.** Where one person induces another to sell goods to a third person on the promise of such first person to pay therefor, the seller may treat such first person as the original promisor to whom credit was given in selling the goods.

5. **DEBTOR AND CREDITOR: Moral Obligations Merely to Pay Debt: Not Enforceable.** The law does not enforce purely moral obligations to pay debts.

6. **CONTRACTS: Promises: Consideration.** A good consideration for a promise in a legal sense may consist of either a benefit to the promisor or a detriment to the promisee.

7. ————: **Consideration: Detriment to Promisee: Statute of Frauds.** While detriment or loss to a promisee may be a good consideration generally, it is not a sufficient consideration to take a verbal promise to answer for the debt of another out of the Statute of Frauds.

8. **STATUTE OF FRAUDS: Promise to Pay Debt of Another: Consideration.** In order to take a verbal promise to pay the debt of another out of the Statute of Frauds, the consideration for the promise must be of some benefit to the promisor and not a mere detriment to the promisee.

9. ————: **Promise to Pay Debt of Another: Original Undertaking: What Not.** Action against a mother for her minor son's debt. The mother made a verbal promise to pay the debt. Subsequent to such promise the creditor discharged the son from liability on the debt. The account is not recoverable against the mother against the Statute of Frauds as being an original, not a collateral, undertaking.

Appeal from Christian County Circuit Court.—*Hon. John T. Moore,* Judge.

REVERSED.

*G. Purd Hays* for appellant.

(1) The court committed reversible error by permitting plaintiff, over the objections of defendants, to testify to an agreement, as he claimed, with defendant, Laura Davidson, to pay the debt of another, that of Garrison and Davidson, said agreement not being in writing, and the said debt being for more than thirty

dollars. R. S. 1909, secs. 2783, 2784; Schmidt v. Rozier, 121 Mo. App. 306; Cash v. Clark, 61 Mo. App. 636; Hurt v. Ford, 142 Mo. 283. (2) The court committed error in refusing to give the peremptory instruction numbered one asked by the defendant, Laura Davidson, as it is the law under the evidence in this case. R. S. 1909, sec. 2783; Mathews v. Martin, 177 Mo. App. 379; Haeberle v. O'Day, 61 Mo. App. 390; Schmidt v. Rozier, 121 Mo. App. 306; Nunn v. Carroll, 83 Mo. App. 135; Gansey v. Orr, 173 Mo. 532; Deegan v. Conzelman, 31 Mo. 424. (3) The court should have declared the law to be as asked by the defendant, Laura Davidson, in instruction number three. Said instruction calling the court's direct attention to the Statute of Frauds. Schmidt v. Rozier, 121 Mo. App. 306; Mathews v. Martin, 177 Mo. App. 379; Haeberle v. O'Day, 61 Mo. App. 390; Gansey v. Orr, 173 Mo. 532; Nunn v. Carroll, 83 Mo. App. 135; R. S. 1909, sec. 2783. (4) The court erred in holding the statement filed by the plaintiff to be sufficient to support a judgment in this case, as there is not sufficient allegations to apprise the defendant of the nature of the claim against her; no statement to show how she became indebted, and it is not sufficient to prevent another suit against her. Plaintiff is trying to recover on a contract, but sues on an insufficient statement of account. Nutter v. Huston, 32 Mo. App. 451; Redmon v. Railroad, 90 Mo. App. 68; Leas v. The Pacific Express Co., 45 Mo. App. 598; Sone to the use v. Wallendorf, 187 Mo. 1.

*Barrett & Moore* for respondent.

(1) The statement filed by respondent in the justice court is sufficient to support a judgment, as no formal pleadings are required and the only test is, would this action bar another against the appellant. Great Western Printing Company v. Belcher, 127 Mo. App. 133; Iba v. Railroad, 45 Mo. 469; Burt v. Warne, 31 Mo.

296; Coughlan v. Lyons, 24 Mo. 533; Walthen v. Farrar, 8 Mo. 322; Steele v. Ancient Order of Pyramids, 125 Mo. App. 680. (2) Where promise to pay another's debt is made in consequence of a benefit accruing directly to the promisor it is not within the statute of frauds. Winn v. Hillyer, 43 Mo. App. 139; Martin v. Harrington, 174 Mo. App. 707. (3) The provision of the Statute of Frauds concerning the necessity for a promise to pay the debt of another to be put in writing does not apply where the contract of the party charged is an original undertaking. Steele v. Ancient Order of Pyramids, 125 Mo. App. 680. (4) Complete performance of a contract by one contracting party forecloses his adversary from interposing the Statute of Frauds as his defense. Hedden v. Schneblin, 126 Mo. App. 486; Bless v. Jenkins, 126 Mo. 647, 93 Mo. App. 185.

STURGIS, J.—The defendant's minor son made his first business venture by forming a partnership (?) with one Garrison and engaging in the restaurant business. The plaintiff, a groceryman, sold goods to this firm on credit and in this way the debt now sued for had its origin. Presently the firm became insolvent and plaintiff was about to sue the firm by attachment and thereby take steps to seize and subject what property the firm had to the payment of his debt. The theory on which plaintiff seeks to hold defendant liable is that on his informing defendant of his intention to bring suit by attachment against her son and his partner, she induced him not to do so for the time being by promising verbally to see him later and pay the debt. Plaintiff says that in consequence of this promise he did not bring suit until the next day and in the meantime another creditor had attached. Nothing is shown as to the value of the goods which plaintiff says he might have attached and refrained from so doing, nor what was done under the other attachment. Later

plaintiff brought this suit in a justice court against the mother and son on a statement filed as for goods sold to them. After the evidence was all in the plaintiff dismissed the case in the circuit court as to the son and in open court released him from all liability for the debt sued on.

The evidence clearly shows that the defendant had no interest in the restaurant business in which her son was an alleged partner and she in no way contracted this debt or induced plaintiff to sell goods to such firm for either partner, nor did she receive any benefit therefrom. She was a complete stranger to the whole transaction other than the alleged promise to pay the debt which had been contracted sometime prior thereto. The defendant, however, positively denied making any such promise.

The defendant raised, by an instruction refused, and now insists on the Statute of Frauds as being a complete defense to this action. This being an action begun before a justice of the peace, where pleadings are not required, no question can be made but that the defendant could raise this defense without pleading it. We are not intimating, however, that an instruction is not sufficient to raise the point in most cases. [Schmidt v. Rozier, 121 Mo. App. 306, 98 S. W. 791.]

As before stated, there is a flat contradiction between plaintiff and defendant, the only parties who knew anything about it, as to whether defendant did or did not make the promise sued on to answer personally for a debt in no way her own but clearly that of another. The very purpose of the Statute of Frauds is to prevent just such controversies as this and to prevent frauds and perjury by requiring all such promises to be in writing in order to be binding on the promisor. Unless, therefore, this case presents some exception to the general rule plaintiff cannot recover.

Certainly the defendant is not an original promisor as to this debt, as suggested by plaintiff in citing Steele v. Ancient Order of Pyramids, 125 Mo. App. 680, 103 S. W. 108. The goods were sold and consumed before defendant was ever consulted as to the debt thus contracted. She had nothing to do with creating it. Where one person induces another to sell goods to a third person on the promise of such first person to pay therefor, then the seller may treat such first person as an original promisor to whom credit was given in selling the goods (Newton Grain Co. v. Pierce, 106 Mo. App. 200, 80 S. W. 268; Chick v. Frey Coal Co., 78 Mo. App. 234; Price v. Railroad, 40 Mo. App. 189; 20 Cyc. 180), but that is far from this case.

Nor can defendant's liability be predicated on the ground of a consideration having passed directly to defendant as promisor. For sentimental reasons or from the very highest moral motives the defendant may have been moved to pay her son's debt but the law does not enforce such purely moral obligations. If defendant made the promise in question it was on such ground alone and no pecuniary benefit—no legal consideration —came to her as a consideration for the promise. It is true that there was a consideration for the promise in the legal sense of that term as such consideration may be either a benefit going to the promisor or a detriment to the promisee. Here there was no benefit to the promisor but there was a detriment to the promisee in that he refrained from suing by attachment, by which means he might have collected all or some of his debt. His foregoing the intended suit, regardless of its result, may be taken as the relinquishment of such a valuable right as to constitute a valid consideration. But while the detriment or loss to the promisee is a good consideration, it is not a sufficient consideration to take a verbal promise to answer for the debt of another out of the Statute of Frauds. [Musick v. Musick, 7 Mo. 495.] Thus, in Nunn v. Carroll, 83 Mo. App. 135, 139,

the fact that a married woman persuaded a creditor out of taking a mortgage to secure the debt of her husband to him on the verbal promise that she would stand good for the debt out of her own property was held not to take such promise out of the statute. In Gansey v. Orr, 173 Mo. 532, 546, 73 S. W. 477, it was held that where defendant induced plaintiff to invest her money in the stock of a corporation on a verbal promise made by defendant to make good any loss she might suffer, this was not sufficient to take the promise out of the Statute of Frauds. This question has received careful consideration in the recent case of Martin v. Harrington, 174 Mo. App. 707, 161 S. W. 275, where many cases are cited, and the rule is there announced that in order to take a verbal promise to pay the debt of another out of the Statute of Frauds the consideration for the promise must be of some benefit to the promisor and not a mere detriment to the promisee. "Where the object of the promise is to obtain the *release* of the person or *property* of the debtor, or other forbearance or benefit to him, it is within the statute." [Nelson v. Boynton (3 Met.), 44 Mass. 396, 37 Am. Dec. 148; 20 Cyc. 188; 1 Reed on Statute of Frauds, sec. 38.]

Nor does this case fall within the exception that where the verbal promise relied on has for its object and results in the absolute extinguishment of the original debt, then such promise becomes an original or substituted promise and is not within the statute. [Martin v. Harrington, 174 Mo. App. 707, 710, 161 S. W. 275.] In such cases, the original debt being extinguished, the promise is not to answer for the debt of another, for none such then exists, but such promise creates a new debt of the promisor to the promisee, the consideration for which is the detriment to the promisee in relinquishing the old debt. But in such cases the old debt must be extinguished and the original debt discharged at the time and as a consideration for the new

promise. [20 Cyc. 186.] Any subsequent discharge of the original debtor after suit is brought against him along with the promisor, as was attempted in this case, cannot have such retroactive effect for obvious reasons. The promise when made being invalid because not in writing as required by the statute, it cannot be infused with life by any such subsequent and voluntary forgiveness of the original debt.

As the verbal promise on which this action is based is void under the Statute of Frauds, the plaintiff cannot recover thereon and no other questions in the case need be considered. The judgment of the trial court is, therefore, reversed.

*Robertson, P. J.,* and *Farrington, J.,* concur.